[PHILADELPHIA, MAY 1ST, 1841.]

## THE COMMONWEALTH *against* THE COMMISSIONERS OF THE COUNTY OF PHILADELPHIA.

### MANDAMUS.

The court refused a mandamus to the County Commissioners to file in their office a copy of the affirmation taken by a person elected to the office of Assessor of a Ward; the Commissioners having returned, that in consequence of the relator not having filed the copy of the affirmation within twenty days after his election, they had appointed another person to fill the office under the 87th and 88th sections of the act of 15th April, 1834.

A RULE had been obtained upon the Commissioners of the County of Philadelphia, to show cause why a mandamas should not issue, requiring them to file in their office a certificate of the affirmation made by Montgomery Chambers, as Assessor of Pine Ward, in the city of Philadelpia. This rule was founded upon the following affidavit, made on the 16th of April, 1841.

" Montgomery Chambers, being affirmed according to law, doth depose and say : That on Friday, the nineteenth day of March last, this deponent was duly elected an Assessor of Pine Ward, in the city of Philadelphia, and has been since the said election, and now is, ready and willing to perform all the duties of the said office. Deponent has never declined to fulfil any duty of the said office, nor has ever designedly neglected the same. It has been the uniform practice of the Commissioners of the County of Philadelphia to keep blank forms of the oaths and affirmations required to be made by Assessors, and to furnish them to the Assessors at the proper time;

but during the present year, the practice was departed from; and although deponent had frequent official intercourse with the said Commissioners since the said election, no information was given to him respecting said affirmation until after the appointment by the said Commissioners of Thomas J. Hemphill, deponent's antagonist at the election, on the ground that the said office of Assessor was vacant because deponent had not made the affirmation within twenty days after the election. Deponent had been elected Assessor the preceding year also; and on the 9th of April inst., in compliance with a notice from the said Commissioners, was at their office from half-past nine, A. M., until half-past four, P. M., with the exception of a short recess for refreshments, attending to appeals. Whilst deponent was thus busily engaged in the performance of his official duties at the Commissioners' office, Joseph A. Dean, one of the Commissioners, sent, as deponent has since been informed and believes, for the said Thomas J. Hemphill, and had him qualified as Assessor in deponent's place. Mr. Johnson, the President of the Board of Commissioners, as deponent has been assured and believes, was ignorant of the proceedings of a majority of the Board. On the following morning, the 10th of April, deponent applied to the sub-clerk, John L. Woolf, for a blank for the purpose of being affirmed; but the said Woolf declined giving the said blank without first consulting the said Dean, which he refused to do. Deponent then applied to the said Dean for a blank, which he refused to give to him. Deponent further says, his omission proceeded not from any unwillingness to do so, or to perform any duty of the office to which he has been elected, but from inadvertence occasioned partly by the great occupation of his attention by his official and private business, and also by confiding in the Commissioners that no unfair advantage would be taken by them; and that the blanks would be furnished as usual at the proper time. On the twelfth day of April, (Monday,) deponent was duly affirmed as Assessor before J. Redman, Esq., an Alderman of the City of Philadelphia, and tendered to the said Commissioners a certificate of his affirmation attested by the said Alderman in the usual form, and requested that the said Commissioners would file it in their office; but a majority of the board refused to do so."

The following return was then made by two of the County Commissioners:

"The undersigned, Commissioners of the county of Philadelphia, having been served with a rule to show cause 'why a mandamus should be issued to them to file in their office a certificate of the affirmation of Montgomery Chambers as assessor of Pine Ward, he having been duly elected to the said office on the third Friday of March last,' respectfully make the following return to the same.

First. That the election for the assessor of Pine Ward, among

(The Commonwealth *v.* County Commissioners.)

other assessors, was held on Friday, the 19th of March, 1841, and the said relator was, as these respondents believe, duly elected to the said office. By the 88th section of the act of assembly, passed on the 15th of April, 1834, entitled, ' An Act relating to Counties and Townships, and County and Township Officers,' it is made the duty of every assessor to produce to the county commissioners within twenty days after his election, a copy of the oath or affirmation taken and subscribed by him as directed by said act, and attested by the person by whom the same was administered; which shall be filed by the commissioners in their office. And by the 87th section of the same act of assembly, it is provided that if any person elected to such office shall neglect or refuse to serve therein, or if any vacancy shall happen therein by death or otherwise, the commissioners of the county shall appoint a fit person to fill the office, who shall have the same powers, be subject to the same penalties, and receive the same compensation as if he had been elected.

That within twenty days after his election, the said relator did not produce to these respondents a copy of his affirmation for filing in their office, but wholly neglected or omitted so to do; and that, thereupon, on the 9th day of April, 1841, by resolution duly presented and adopted at the board, the commissioners of the county did appoint a fit person, to wit, Thomas J. Hemphill, to fill the said office of assessor of Pine Ward; a copy of which said appointment is hereto annexed, and which the respondents pray may be received as part of this their return. That the said Thomas J. Hemphill, having taken the affirmation required by law, and having produced to these respondents within twenty days after his appointment, to wit, on the ninth of April, 1841, a copy of his said affirmation taken and subscribed by him and attested by the person by whom the same was administered, the same being filed by the respondents in their office, entered upon and is now actually in discharge of the duties of the said office of assessor for Pine Ward: nor have these respondents any power or authority, of which they are aware, to remove the said Thomas J. Hemphill from his said office, or to vacate or recall his appointment thereto, but, agreeably to the 87th section of the said recited act of assembly, he now holds the same wholly independent of the respondents, having the same powers, being subject to the same penalties, and receiving the same compensation as if he had been elected by citizens of Pine Ward.

Second. That the respondents are not authorised or required by any known provision of law, ' to file in their office' any papers or documents except such as are specifically described in acts of assembly: that the certificate of the affirmation of the relator as assessor of Pine Ward, not having been produced within twenty days after his election, was not, and is not, a paper or document the respondents are by law required to file; and the filing of the same could produce no other effect, and that effect it in all probability

would produce—than to countenance a doubt as to the authority of Thomas J. Hemphill to act as assessor, and thereby embarrass and impede the execution of his official duties.

Third. That the power vested in the county commissioners by the 87th section of the above recited act of 15th April, 1834, to appoint assessors where those elected by the citizens neglect to serve in the manner referred to, has been exercised by successive boards ever since the passage of the said act: that on the 11th January, 1836, no fewer than seventeen assessors were thus appointed, owing to this neglect only, in as many wards of the City, Northern Liberties, Kensington, Spring Garden, Penn Township, East Southwark, West Southwark, Passyunk, and Kingsessing; and on the 3d of November, 1838, the relator himself, Montgomery Chambers, was appointed by the then county commissioners, owing to his having himself, though elected, neglected to produce for filing the copy of his oath or affirmation within twenty days, assessor of Pine Ward, which office under said appointment he duly assumed and fulfilled: and this practice the respondents have reason to believe to be wholesome in its operation, as well as conformable to law, having a direct tendency to summon promptly and punctually to the discharge of their public duties, the subordinate officers chosen by the people, or to provide, without loss of time, the agents necessary to the orderly and efficient execution of the fiscal arrangements of the county.

Fourth. That true it is the respondents have been in the practice of keeping blank forms of the oaths and affirmations required to be made by assessors, and to furnish the same whenever asked by said officers at the proper time; nor are they aware that this practice has in a single instance during the present year, or at any other time, been departed from: that the said relator is mistaken, and was misinformed, in supposing that Joseph A. Dean, one of the respondents, while the said relator was engaged in his official duties, had sent for the said Thomas J. Hemphill, and had him qualified as assessor in deponent's place: and that the said relator is equally mistaken and misinformed in supposing Jonathan Johnson, one of the commissioners of the county, to have been ignorant of the proceedings of the board in the appointment of the said Thomas J. Hemphill. Of the other facts set forth in the affidavit of the relator, the undersigned can neither affirm or deny, further than they have already stated.

The respondents in making this return have desired to show the court that the mandamus prayed for ought not to issue.

1. Because the course pursued in appointing Thomas J. Hemphill, to be the assessor of Pine Ward, was in strict conformity with the provisions of law.

2. Because the filing of the certificate as prayed by the relator is enjoined by no provision of law, can be of no use to the party applying to have it done, and would tend only to create embarrassment.

3. Because Thomas J. Hemphill is in actual possession and exer-

(The Commonwealth *v.* County Commissioners.)

cise of the said office of assessor of Pine Ward, and his title may be tried by *quo warranto;* a proceeding in which as the party interested, he would have legal and actual notice and opportunity to defend his right, if he thinks proper so to do.

All which is respectfully submitted.

Thomas Vaughan, }   County Commissioners.
Joseph A. Dean, }

Philadelphia, April 21st, 1841.

Whereas, by the 87th section of the act of assembly, passed on the 15th of April, 1834, the commissioners of the county are directed to appoint fit persons to fill the office of assessors and assistant assessors, whenever the persons elected to such offices neglect or refuse to serve therein: and whereas, by the 88th section of the same act of assembly, it is made the duty of each of said officers to produce to the county commissioners within twenty days after his election, a copy of the oath or affirmation taken and subscribed by him as is directed by said act, and attested by the person by whom the same was administered, to be filed by the commissioners in their office.

And whereas, by an opinion in writing of the solicitor of the county commissioners, bearing date the 5th day of January, a. d. 1836, the law officer and adviser of the board deems a neglect or refusal by any of the said assessors to produce for filing the copy of the oath or affirmation aforesaid within the time prescribed, as ground upon which the said assessors are to be considered as neglecting or refusing to serve in the office to which they were elected, and as authorising and requiring appointments to be made by the commissioners of the county.

And whereas John Lindsay, John Jarden, Montgomery Chambers, Stephen H. Simmons, Joseph Randall, and Frederick Erringer, assessors elected on Friday the 19th day of March, 1841, in the following wards of the city of Philadelphia for the ensuing year, viz., Cedar Ward, South Mulberry Ward, Pine Ward, Dock Ward, Locust Ward, and Lower Delaware Ward, have neglected to produce to the commissioners of the county of Philadelphia, up to this date, the copies of their respective oaths and affirmations required by law, and are therefore deemed and considered to neglect and refuse to serve as assessors. Therefore, resolved, that the commissioners of the county do hereby appoint John Lindsay to be assessor of Cedar Ward, in the city of Philadelphia, for the ensuing year.

Benjamin Wiley, to be assessor of South Mulberry Ward, in the city of Philadelphia, for the ensuing year.

Thomas J. Hemphill, to be assessor of Pine Ward, in the city of Philadelphia, for the ensuing year.

Israel Young, to be assessor of Dock Ward, in the city of Philadelphia, for the ensuing year.

John Rutherford, Sr., to be assessor of Locust Ward, in the city of Philadelphia, for the ensuing year.

Henry J. Fougeray, to be assessor of Lower Delaware Ward, in the city of Philadelphia, for the ensuing year.

Extract from the minutes of the board of county commissioners, adopted April 9th, 1841.

Attest, WILLIAM GILMORE, Clerk."

Mr. *Budd*, (with whom was Mr. *Randall*) was heard in support of the rule.

Mr. *Dallas*, for the county commissioners, was stopped.

KENNEDY, J., delivered the opinion of the court.

The object of the application for a mandamus in this case, is to compel the commissioners of the county to file in their office a certificate of the affirmation made by the applicant as an assessor duly elected for Pine Ward. The applicant, though duly elected, as it seems, did not produce to the commissioners, as required by the 88th section of the act of the 15th of April, 1834, within twenty days after his election, a copy of the oath or affirmation prescribed by the same act to be taken by him before entering on the duties of his office, so that the commissioners might file it in their office as thereby directed. Such oath or affirmation it appears was neither taken nor offered to the commissioners, until three or four days after the expiration of the twenty days; when the commissioners during the interval that had taken place between the expiration of the twenty days and the time of taking and tendering the copy of the affirmation taken by the applicant, had under the 87th section of the same act, appointed another person assessor for Pine Ward, who had taken the requisite oath or affirmation, filed a copy thereof with the commissioners, and entered upon the discharge of the duties of the office. This induced the commissioners to decline taking the copy of the affirmation offered to them by the applicant for the purpose of being filed in their office. The section under which the commissioners made the appointment, provides, that if any person elected to such office, (meaning that of assessor) shall neglect or refuse to serve therein, &c., the commissioners of the county shall appoint a fit person to fill the office, who shall have the same powers, be subject to the same penalties, and receive the same compensation, as if he had been elected in the manner therein before directed. Now it is obvious, that unless the filing of the copy of the affirmation made by the applicant, would be of some avail to him, it would be idle in the court to grant it. It is not our intention to express any opinion on the right of the applicant to the office; but we are clearly of opinion, that if he has not become invested with a good right to it by his being elected thereto, and what he has done himself in regard to taking the affirmation and tendering a copy thereof to the com-

(The Commonwealth *v.* County Commissioners.)

missioners, to be filed by them in their office, the filing of it by them in their office now, in obedience to a writ of mandamus from this court, would not give or confirm such right in him. If he has done every thing on his part, which the law required of him, to entitle him to the office, he is not to be prejudiced by any refusal or omission on the part of the commissioners to do any thing which the law has directed them to perform in regard to it. He had nothing to do with the filing of the copy of his affirmation in the commissioners' office, except that of giving or offering it to them, that they might do it as required by the act: but as he could neither force them to take or file it, no blame or default can be imputed to him in this respect, provided he was not too late in offering it.

But indeed I am inclined to be of the opinion, that under the facts and circumstances disclosed in this case, a mandamus would not lie for any purpose. Though it be true that a mandamus may be granted to *admit* to as well as to *restore* to office, where it is one that concerns the public or the administration of justice; yet generally this will not be done where there is clearly another remedy, and particularly when it is of a much more efficient character. As for instance, where there is a person already in the office exercising and performing the duties appertaining to it, the court will not grant a mandamus, because a *quo warranto* will lie; *The King* v. *The Mayor of Colchester,* (2 *Term Rep.* 259.) A mandamus will not settle or determine the right to the office, but a *quo warranto* will. *Rex* v. *Ward,* (2 *Stran.* 894, 895, 896.) *King* v. *Harris,* (3 *Burr.* 1422, 1423.) The effect of the mandamus is to fill the office by putting the relator in possession of it, when vacant; so that the right may be tried by a *quo warranto.* See the 13th section of the act of the 13th of April, 1840. *Stroud's Purd.* 904, (ed. 1841.) The rule is therefore discharged.

Rule discharged.