## Anderson v. Colson.

1. MANDAMUS: A mandamus will not be allowed upon the hearing of the application for which the applicant's title to an office, in virtue whereof he claims the writ, is drawn in question.

This was an original application to this court for the writ of mandamus, to be directed to the defendant Colson, as treasurer of Dodge county. The applicant in his petition for the writ, states that a meeting of the electors of school district number one of Dodge county, was, on the 4th day of April, 1870, duly convened for the purpose, among other things, of electing members of the school board for the ensuing year : In the course of the proceedings, which are minutely detailed, a motion to adjourn to the eleventh of April was made, and having been put by the moderator and voted upon by those present, was by that officer declared, in his opinion, carried. A division was called for, which being had, the presiding officer declared the meeting adjourned. An appeal from the moderator's decision to the meeting was claimed ; but he refused to entertain it, and immediately left the chair and the room, the clerk going with him. Thereupon, Mr. E. H. Crosby was, by those remaining, elected president, and Mr. Robert Kettle, secretary of the meeting ; they at once took the places of the officers who had left. Mr. Crosby entertained the appeal from the decision of the chair on the question of the adjournment, and put the question to the meeting, which did not sustain the decision ; thereafter the business was proceeded with as if there had been no interruption ; an election was held for members of the school board, which resulted in the election of five gentlemen. The applicant here was elected by this board as treasurer of the district, and claims to be such treasurer under this board. In the county treasury there are $2,750,

Anderson *v.* Colson.

to which the school board is entitled. The object of the writ is to compel the county treasurer to pay this money to the applicant, as treasurer of the school board.

The answer does not deny the facts alleged in the petition, as above stated, except as it claims that the meeting of the 4th was actually and fairly adjourned to the 11th of April, and that all the proceedings had on the day of the first meeting after the adjournment, were unauthorized and void. On the 11th, pursuant to the adjournment, the electors of said district again met, when they re-elected for the ensuing year the members of the old board. This board reorganized and elected its officers, and retained all the books, records, papers and funds of the district.

To this answer there was no replication. The hearing was upon these pleadings.

*R. Kittle*, for the application.

*E. F. Gray*, contra.

Mason, Ch. J.

The pleadings show that there is a dispute who is treasurer of the school district. We cannot try that question upon an application for a mandamus. The applicant must first establish, by the proper process, his right to the office by which he claims the writ. Having done that, this application will be in order. Mr. Justice Curtis in *ex rel. Goodrich* v. *Guthrie*, secretary of the treasury, 17 Howard, 305. The petition is dismissed.