MICHAEL J. DUANE *vs.* MICHAEL J. McDONALD AND OTHERS.

Mandamus will not lie to compel the admission of a claimant into an office that is already filled by a *de facto* officer, who is discharging the duties of the office.

The question of the right of the incumbent must first be tried upon an information in the nature of a quo warranto.

PETITION for a mandamus, to compel the admission of the petitioner to the office of committee-man of a school district; brought to the Court of Common Pleas for Fairfield County.

The petition alleged the legal election of the petitioner to the office by the voters of the school district, and that the office was usurped and exercised by one Patrick Fagan, who claimed to have been elected to it, and set out in detail the proceedings of the district by which the petitioner claimed to have been legally elected. The respondents were Fagan, and Michael J. McDonald and Martin Quinlan, who were legally elected as the other members of the committee, and the petition alleged that McDonald and Quinlan refused to recognize the petitioner as lawfully elected to the office and to permit him to act with them as a member of the committee, and prayed the court "to issue a writ of mandamus enjoining and forbidding the said Patrick Fagan from acting in any manner as a member of said school committee, and from

usurping the place of the petitioner therein, and commanding him to utterly desist from exercising or attempting to exercise any of the duties appertaining to said office; and further requiring the said Michael J. McDonald and the said Martin Quinlan to recognize and treat the petitioner as a member of said committee with themselves, and to permit him to act as such with them in all matters pertaining to the duties of their office, and to refuse and desist from recognizing further or hereafter the said Patrick Fagan as one of said committee, and to no longer permit him to act as such; or signify cause to the contrary."

The respondents demurred to the petition, and the case was reserved upon the demurrer for the advice of this court.

As the court, in its decision, does not consider the question of the title of the petitioner to the office, those parts of the petition, and of the briefs of the counsel, which relate to that point are omitted.

*Thompson*, in support of the demurrer.

Mandamus will not lie. When an office is already filled by a person who has been admitted, and is in by color of right, a mandamus is never issued to admit another person. The proper remedy for the applicant is by a proceeding in the nature of a *quo warranto*. Moses on Mandamus, 150; *State* v. *Tudor*, 5 Day, 329; 1 Swift Dig., 567; Ang. & Ames on Corp., §§ 738, note 7, 702; 1 Bouvier Law Dict., *Mandamus; Underwood* v. *White*, 27 Ark., 382. Confessedly, Fagan is at least in *de facto*, or he could not be an usurper. *Brown* v. *O'Connell*, 36 Conn., 432; *State* v. *Carroll*, 38 id., 449, 461; Ang. & Ames on Corp., §§ 137, 138.

*Bullock*, contra.

Mandamus is the proper mode of redress in this case. The court will observe that it is asked that this proceeding shall issue not only against Fagan to prevent and enjoin him from acting further, but as well against the other members of the committee to command them to desist acting with Fagan and to act hereafter with the petitioner; and all are made

parties to the proceeding. It cannot be disputed that mandamus lies to admit one to an office from which he is unlawfully excluded. No authorities need be cited on this point. There are, however, many decisions to the effect that where the office claimed is filled by another, *quo warranto* must first be brought to exclude him. The leading case seems to be that of *The People* v. *The Corporation of New York*, 3 Johns. Cas., 79. The result was that two proceedings became necessary, one of *quo warranto* to remove the illegal occupant, another of mandamus to install the legally-elected officer. This seems unnecessary and unjust. The modern authorities have overruled this decision, and sanction one proceeding to place a rightful claimant of an office in place of an unlawful occupant, and to compel others interested to recognize the latter. 6 Dane's Abr., 335; *Howard* v. *Gage*, 6 Mass., 462; *Strong, Petitioner*, 20 Pick., 490; *First Parish in Sudbury* v. *Stearns*, 21 id., 155; *Nourse* v. *Merriam*, 8 Cush., 11; *Conlin* v. *Aldrich*, 98 Mass., 558; *Harwood* v. *Marshall*, 9 Maryl., 83.

PARK, C. J. We think it is clear, that Patrick Fagan is a *de facto* committee-man of the district. He received a plurality of all the votes cast at the meeting of the district, and was declared to be elected by the presiding officer, and on motion being made that the decision of the chair, declaring him elected, be sustained, the meeting almost unanimously voted to sustain it. It further appears that he entered upon the duties of the office of committee-man and is still exercising them, and during all the time that has intervened he has been recognized as a committee-man, duly elected, by the other members of the committee.

These facts, *primâ facie*, seem to constitute him a committee-man of the district *de jure*. So far as third persons are concerned, they cannot discover the illegality of his election otherwise than by an examination of the records of the meeting. They will have to ascertain the whole number of votes cast for all the candidates, and the number cast for him. Such being the case, he clearly has color of title to the office, and consequently is a *de facto* committee-man of the district.

The view we have taken of the case renders it unnecessary for us to determine whether or not he was duly elected to the office of committee-man of the district, for we are satisfied, both on principle, and by the great weight of authority bearing upon this subject, that mandamus will not lie to determine the title of an incumbent to an office, the functions of which he is exercing as an officer *de facto*. Resort must be had to an information in the nature of a writ of quo warranto to determine whether he is an officer *de jure* or not. Therefore, while that question remains undecided, mandamus will not lie to prevent his exercising the functions of the office. High, in his recent work on Extraordinary Legal Remedies, in the forty-ninth section, says: "The rule may now be regarded as established by an overwhelming current of authority, that where an office is already filled by an actual incumbent, exercising the functions of the office *de facto*, and under color of right, mandamus will not lie to compel the admission of another claimant, nor to determine the disputed question of title. In all such cases the party aggrieved who seeks an adjudication upon his alleged title and right of possession to the office, will be left to assert his rights by the aid of an information in the nature of quo warranto, which is the only efficacious and specific remedy to determine the questions in dispute. And whenever it is apparent on the face of the pleadings that the issue presented involves a determination as to the person properly elected to an office, or entitled to exercise its functions, the writ of mandamus will be withheld." And in the next section he says: "Aside from the existence of another adequate remedy by proceedings in quo warranto to test the title of an incumbent to his office, it is a sufficient objection to relief by mandamus in such a case, that the granting of the writ would have the effect of admitting a second person to an office already filled by another, both claiming to be duly elected thereto, and resort must still be had to further proceedings to test the disputed title." The doctrine of High is supported by many authorities. *People* v. *Corporation of New York*, 3 John. Cas., 79; *People* v. *Supervisors of Greene*, 12 Barb., 217;

*Anderson* v. *Colson*, 1 Neb., 172; *Bonner* v. *State of Georgia*, 7 Geo., 473; *St. Louis County Court* v. *Sparks*, 10 Misso., 118; *State* v. *Rodman*, 43 id., 256; *People* v. *Common Council of Detroit*, 18 Mich., 338; *Underwood* v. *White*, 27 Ark., 382; *Commonwealth* v. *Commissioners of Philadelphia*, 6 Whart., 476; *King* v. *Mayor of Colchester*, 2 Term R., 260; *Queen* v. *Derby*, 7 Ad. & El., 419; *King* v. *Winchester*, id., 215.

Again, it is not only well settled, but everywhere held, that mandamus will not lie when there is another adequate remedy; and it is equally well settled that an information in the nature of quo warranto not only will lie to test the title of a party to an office claimed by another, but it is particularly adapted to determine such controversies.

For these reasons it seems to us clear that the relator, in this case, has mistaken his remedy.

We are aware that the law is held to be otherwise in the neighboring state of Massachusetts, and in the state of Maryland. In these states it has been held that mandamus will lie to determine the title to a disputed office, and to restore the relator thereto, even though quo warranto would also lie, on the ground that the latter remedy might prove inadequate by reason of delay, and that while judgment of ouster might be given against the incumbent, such judgment would not necessarily instate the claimant in the office, but he might afterwards be compelled to resort to a mandamus in order to accomplish this result.

The doctrine of these states seems mainly based upon the ground that parties may not heed the judgments of ouster in proceedings of quo warranto, and thereby may necessitate further proceedings by mandamus. This seems to us to be making provision for cases that will rarely occur. When the title of an incumbent of an office is fully heard and determined against him, there is no more reason to apprehend that he will refuse to acquiesce in the judgment of ouster, than there is that he will disregard the decisions of courts in any other class of cases, and it seems to us a departure from the ordinary course of judicial proceedings to make an exception in cases of quo warranto. Through all the course of the

common law, proceedings by mandamus and by quo warranto have been kept distinct from each other, each adapted to and employed for its special purpose. This rule has not been departed from, we believe, except in the two states referred to, and there for reasons that do not satisfy us. We see no necessity for extending the common law remedy of mandamus beyond its original and well-established limits.

We advise the Court of Common Pleas that the petition is insufficient.

In this opinion the other judges concurred.