THE STATE OF CONNECTICUT EX REL. LEOLIN A.
COMSTOCK *vs.* EZRA J. HEMPSTEAD ET ALS.

Second Judicial District, Norwich, October Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

One ousted of a public office to which he has a clear legal title and the
duties of which he was performing, may be restored thereto by
mandamus, provided the position is not filled by a successor having
color of title. But inasmuch as a writ of mandamus lies only to
enforce a clear, undoubted legal right or duty, it is not the proper
remedy to secure the removal of the actual incumbent of a public
office to which he has been elected or appointed in good faith and
under color of title. Under such circumstances resort must first be
had to quo warranto proceedings.

In this State the remedies by mandamus and quo warranto have been
kept distinct, and the former has been confined within its original,
well-established limits under the common law.

A motion to quash an alternative writ of mandamus merely takes the
place of a demurrer; and therefore no advantage can be taken
under it of the fact that the office to which the relator seeks to be
restored is actually filled by another who is discharging its duties,
unless that fact appears from the allegations of the writ itself. If,
however, in the return subsequently filed, that fact is alleged and
found to be true, the respondent may avail himself of it—in the
absence of any waiver of his right to do so—in this court as a
reason for upholding the judgment of the trial court dismissing the
writ, although such judgment rested upon an altogether different
ground.

The conclusion of the trial court that a peremptory writ of mandamus
ought not to issue, necessarily involves a consideration by this
court of the question whether the writ could properly issue under
the circumstances disclosed upon the hearing below.

The relator, who had long been a resident of Waterford, moved with his
family to the adjoining town of Montville in May, 1909, where he
in fact resided thereafter, although he intended to return to Water-
ford upon the happening of an uncertain event. In October, 1909,
while still living in Montville, he was elected a member of the school
committee of Waterford and acted as such until February 12th,
1910, when the committee, purporting to act under the provisions
of chapter 146, § 3, of the Public Acts of 1909, authorizing it to fill
vacancies in its membership, declared his position vacant and
elected another to fill it. *Held* that under these circumstances

The State ex rel. Comstock *v.* Hempstead.

mandamus would not lie to compel the committee to restore the relator to membership thereon, until his right to the office, which was at least doubtful, had been determined upon quo warranto proceedings.

Argued October 18th—decided December 16th, 1910.

APPLICATION for a writ of mandamus requiring the respondents, as school committee of the town of Waterford, to restore the relator to membership on said committee, brought to and tried by the Superior Court in New London County, *Greene, J.;* facts found and judgment rendered for the defendants, from which the relator appealed. *No error.*

At the annual town election in Waterford on the first Monday of October, 1909, the relator was elected a member of the school committee, and accepted said office and acted as such member until February 12th, 1910, when said school committee, acting under chapter 146 of the Public Acts of 1909, declared a vacancy to exist in the office held by the relator and elected one Saunders to the office, which he has since filled.

The relator was domiciled in Waterford for many years prior to the bringing of this action, and actually resided there until May 6th, 1909, when he moved to Montville with his family, intending to return upon the happening of an event expected shortly, though uncertain in time.

*Lee R. Robbins,* for the appellant (the relator).

*Donald G. Perkins* and *Edmund W. Perkins,* for the appellees (respondents).

WHEELER, J. The judgment finds that a peremptory writ of mandamus ought not to issue, and adjudges that the alternative writ of mandamus be dismissed. The respondents support the judgment upon two

grounds: (1) that the relator has mistaken his remedy; (2) that the vacancy in the office to which the relator seeks to be restored was legally declared, and that Saunders was legally elected to the office which he has since filled,

The respondents contend that they may in this court attack the remedy sought, by having the denial of their motion to quash, and the judgment that the peremptory writ of mandamus ought not to issue, reviewed, to determine whether mandamus is a proper remedy in this case. It is unnecessary to determine whether respondent-appellees can in this court secure, as of right, a review of a denial of a motion to quash, since the motion was properly denied by the trial court. The motion to quash serves the purpose of a demurrer. *State* v. *New York, N. H. & H. R. Co.*, 71 Conn. 43, 47, 40 Atl. 925; *Brainard* v. *Staub*, 61 Conn. 570, 575, 24 Atl. 1040. It tests the legal sufficiency of the case set out in the alternative writ. The alternative writ in this case recited that the relator had been ousted from an office to which he had been legally elected and which he was legally filling, by a proceeding declaring his office vacant and electing another to fill the office. It contained no allegation that the successor to the relator was in actual possession of the office. A public official, such as the relator, ousted from an office in the performance of whose duties he is engaged and which he holds by clear legal title, can be restored to his office by mandamus, so long as the office is not filled by an occupant having color of title. Upon this proposition the authorities are in substantial agreement. *Thompson* v. *Troup*, 74 Conn. 121, 124, 49 Atl. 907; *Fuller* v. *Plainfield Academic School*, 6 Conn. 532, 546; *Burr* v. *Norton*, 25 id. 103, 111; 1 Swift's Dig. s. p. 563; *Lawrence* v. *Hanley*, 84 Mich. 399, 404, 47 N. W. 753; *People ex rel. Mc-Laughlin* v. *Police Comrs.*, 174 N. Y. 450, 67 N. E. 78.

The State ex rel. Comstock *v.* Hempstead.

But when the office from which an official has been ousted has been filled by an election or appointment giving an apparent color of title, and when the proceedings do not appear to have been taken in bad faith, and the successor is actually in the office, mandamus will not lie to restore the ousted official until the title to the office has been settled by proceedings of quo warranto.

In *Duane* v. *McDonald*, 41 Conn. 517, 520, Fagan was elected a school committeeman, and was in the performance of the duties of the office when the relator brought his petition to compel his admission to the office. Our court, speaking by PARK, C. J., said: "The view we have taken of the case renders it unnecessary for us to determine whether or not he was duly elected to the office of committeeman of the district, for we are satisfied, both on principle, and by the great weight of authority bearing upon this subject, that mandamus will not lie to determine the title of an incumbent to an office, the functions of which he is exercising as an officer *de facto*. Resort must be had to an information in the nature of a writ of quo warranto to determine whether he is an officer *de jure* or not. Therefore, while that question remains undecided, mandamus will not lie to prevent his exercising the functions of the office."

An office is full, *de facto*, when it is occupied by one by virtue of an appointment or election, giving a color of title, even though such appointment or election cannot be sustained in law. *Duane* v. *McDonald*, 41 Conn. 517; *Leeds* v. *Atlantic City*, 52 N. J. L. 332, 334, 19 Atl. 780; 2 Spelling on Extra. Rem. (2d Ed.) § 1576; *Lawrence* v. *Hanley*, 84 Mich. 399, 404, 47 N. W. 753; *Lachance* v. *Mackinac Co. Canvassers*, 157 Mich. 679, 122 N. W. 271; *Bonner* v. *State ex rel. Pitts*, 7 Ga. 473; *King* v. *Mayor of Colchester*, 2 T. R. 259; *King* v. *Mayor of York*, 4 id. 699; *State ex rel. Moyer* v. *Baldwin* (Ohio), 19 L. R. A. N. S. 49, 57, note; *State ex rel. Lamar* v.

*Johnson* (Fla.), 31 L. R. A. 357, note. One of the controlling reasons why mandamus will not issue to restore to an office one claiming title to it when another claims title under color of right and is in possession, is, because in such proceeding the adverse claimant has no opportunity to be heard in defense of his title. *State ex rel. Clarke* v. *Trenton,* 49 N. J. L. 349, 352, 8 Atl. 509. But where the ouster is absolutely void, clearly without legal warrant or in total disregard of law, and the successor obtains not even a color of title to the office, or the proceedings are plainly had in bad faith and hence are absolutely void, the appointment or election of the successor is a mere nullity, and mandamus will lie to restore one to an office from which he was illegally ousted. An occupant of an office having no color of title cannot claim the office against one ousted from it and having a clear legal title to it. The title *de jure* draws to it possession *de facto,* and mandamus is the proper remedy to restore him to his office, since there is no title to try. The Supreme Court of New Jersey in an action on a rule to show cause why mandamus should not issue to compel the restoration to office of the relator says: "But, while it is true that the illegality of the election, by virtue of which an incumbent has gained entrance to an office, does not prevent the office from being full of him *de facto,* it is also to be noted, that from the earliest periods it has been held requisite that the illegality in question must be consistent with honesty of purpose. Elections based upon mistakes of fact or misconceptions of law may impart a color of right which will bar the allowance of a mandamus, but palpable disregard of law renders the action by which an office is seized merely colorable, and, in a clear case, will be brushed aside as affording no obstruction to the exercise of a plain legal duty." *Leeds* v. *Atlantic City,* 52 N. J. L. 332, 334, 19 Atl. 780.

We have kept the remedies by mandamus and quo warranto distinct from each other, and confined the remedy of mandamus within its original and well-established limits under the common law; *Duane* v. *McDonald*, 41 Conn. 517; and in that case we definitely adopted the English rule in preference to the Massachusetts rule which permits title to be tried by mandamus to restore one to an office.

The English rule, as stated in Shortt on Mandamus, 122, is: "Whenever the office is full *de facto*, the proper method of proceeding is by quo warranto to oust the occupant, if he is not in possession *de jure*. And the office is full *de facto*, though the election to it was illegal, provided it was a real, and not merely a colorable, election. If, on the other hand, the election was merely colorable, so as to be really no election at all, it does not confer even a *de facto* possession, and the remedy of the person ousted by it is not quo warranto, but mandamus." *State ex rel. Mason* v. *Paterson*, 35 N. J. L. 190; *State ex rel. Guion* v. *Miles*, 210 Mo. 127, 169, 109 S. W. 595; *Commonwealth* v. *Gibbons*, 196 Pa. St. 97, 100, 46 Atl. 313; *Matney* v. *King*, 20 Okla. 22, 93 Pac. 737, 747; *Lawrence* v. *Hanley*, 84 Mich. 399, 404, 47 N. W. 753; *State ex rel. Moyer* v. *Baldwin*, 19 L. R. A. N. S. 49, 69, note; 26 Cyc. 264; 2 Spelling on Extra. Rem. (2d Ed.) § 1576.

The allegation that the successor to the relator was in fact filling the office from which the relator had been ousted, first appears in the return to the writ, which was a pleading subsequent to the motion to quash. Therefore the motion to quash was properly denied. Upon the allegations of the writ mandamus was a proper remedy.

The finding sets forth the actual occupancy of this office by one elected after a vacancy in the office had been declared. While the trial court based its decision

upon ground other than the right of the remedy adopted, there is nothing in the record to indicate that the respondents in the trial waived their right to claim here that the judgment rendered dismissing the writ was correct, because the remedy sought was one not known to the law in the circumstances of the case. The finding that the writ ought not to issue, necessarily includes a consideration of whether or not the writ could issue in such a case as was before the court. In the absence of a waiver by the respondents of the right to so claim, this court must pass upon this.

A vacancy was declared in the office, resulting from the conclusion that the legal construction of the statutory requirement, that the holder of the office should be a resident of the town, meant an actual, physical residence, in distinction from a legal domicil. The trial court sustained the construction placed upon the statute by the school board, that the term "residents" as used in the statute was a qualification of election requiring an actual residence in the town; and even though this construction be erroneous, it cannot be said to be so much so as to make the proceeding a nullity, nor is there anything in the record to warrant a finding of bad faith in any of these proceedings.

Saunders, the successor to the relator, has a color of title to the office and is in its occupancy, hence mandamus will not lie to oust him and compel the restoration of the relator to the office. The issue to determine who should possess this office is one of title: it becomes a contest between the ousted official and his successor. In mandamus the writ does not run to the successor, his rights cannot be concluded against his will in a proceeding where he is not a necessary party. If mandamus lay, we should have one officer in possession and another found by the court entitled to possession, and the possessor not bound by this adjudication, and a resort had

to further proceedings to test the disputed title; such a condition could only result in confusion in the public service and disturbance to the public order. *Duane* v. *McDonald*, 41 Conn. 517. Mandamus neither gives nor defines rights which one does not already have. It enforces, it commands, performance of a duty. It acts at the instance of one having a complete and immediate legal right; it cannot and it does not act upon a doubtful or a contested right, hence it cannot adjudicate a title, nor settle conflicting claims to an office. It is an expeditious remedy called into action to protect an undoubted legal right. It will restore one to an office from which he has been illegally removed when a successor is not filling the office under color of title. It cannot restore one to an office from which he may have been illegally removed, when a successor is filling the office under color of title.

The remedy, and the only remedy, open to this relator is quo warranto. For this reason the dismissal of the alternative writ is sustained.

There is no error.

In this opinion the other judges concurred.