## Goldstein v. Boss

*Richard A. McConnel*, for plaintiff; *May & Bradshaw*, for defendant.

READER, P. J., September 28, 1931.—The above-entitled case is before us on a motion to quash the alternative writ of mandamus issued in the case. The petition for the alternative writ of mandamus was presented on December 19, 1930. To this petition an answer was filed on December 29, 1930, and to this answer the plaintiff filed a replication on January 13, 1931. The motion to quash was filed on April 21, 1931. The case has since been argued before the court upon the facts shown by the pleadings.

It appears from the pleadings in the case that the plaintiff, Charles Gold-stein, on December 1, 1925, entered into a written lease with Sophie G. Keenan for the leasing of certain premises in the Borough of Ambridge, Beaver County, Pa.; a copy of said lease is attached to and made a part of the petition for the writ. Ben H. Boss was, on September 13, 1928, the Recorder of Deeds in and for said County of Beaver; and on said date the lease in question was presented by said Charles Goldstein to said recorder for record in his office. The instrument presented was recorded on said September 13, 1928, and is entered upon the records of said office in Deed Book Vol. 382, page 98. Said lease as originally printed contained the following sentence:

"Nor to relet or sublet the premises or any part thereof, nor to assign this lease without the written consent of the lessor, under penalty of forfeiture of all rights hereunder at the option of the lessor."

It is averred in the petition that the sentence above quoted was crossed or lined out at the time it was presented for record. The answer denies that the said sentence was crossed out at the time the same was presented for record. It is conceded that the instrument was recorded with the said sentence as an existing part thereof and with no indication that the same was crossed out. On or about November 3, 1930, the said Charles Goldstein, by his counsel, presented said lease to the said Ben H. Boss, recorder as aforesaid, with the said sentence crossed out, stating to said recorder that the same had been crossed out when the instrument was originally presented for record, and had been erroneously recorded as a part of said instrument and without indicating that the same had been crossed out. At the time of so presenting the instrument on November 3, 1930, said Charles Goldstein requested said recorder of deeds to re-record said instrument with the said sentence omitted, or indicated as crossed out. This the said recorder refused to do, and this proceeding was thereupon instituted to compel said recorder to re-record the said instrument in such manner as to show that the sentence referred to was crossed out and not a part thereof.

It appears from the averments of the various pleadings that the property covered by the lease has been conveyed by Sophie G. Keenan since the date of the lease to another party, who is now the owner thereof, although the name of such purchaser and the date of the conveyance do not appear from the pleadings. Neither said Sophie G. Keenan nor her grantee is a party to this proceeding.

The question now before us under this state of facts is, whether the alternative writ of mandamus heretofore issued should be quashed. In passing upon this question we are governed by two general legal principles: (1) That the writ of mandamus should be awarded only when there is a clear legal right in the relator and a corresponding duty upon the defendant: Com. v. Kessler, 222 Pa. 32; Com. v. Fitler, 136 Pa. 129; and (2) that mandamus will never issue for a vain or useless purpose; where the right is, or will become, a mere abstract right, the enforcement of which can be of no substantial or practical benefit to the petitioner, mandamus will be denied: Com. v. Trustees, etc., Church of St. Mary's, 6 S. & R. 508; Com. v. County Commissioners, 6 Wharton 476; Com. v. Supervisors, 29 Pa. 121; Underwood v. Gendell, 227 Pa. 214; Shisler v. Philadelphia, 239 Pa. 468; Kell v. Rudy, 1 Pa. Superior Ct. 507; Com. ex rel. Smith v. McCormick, 8 Dist. R. 117.

In applying the rules of law thus stated to the situation presented by the pleadings in this case, we must consider what it is that the plaintiff seeks to accomplish, and the effect of that which he asks the court to do in this proceeding. The instrument in question has been once recorded. In that respect

the recorder of deeds has performed his duty. It is alleged that the instrument was erroneously recorded, and that, therefore, the record does not present the true terms of the contract between the plaintiff and his lessor. In the written brief of counsel for the plaintiff it is stated: "He is asking for a mandamus to compel the recording officer to record a lease correctly. . . . All that the petitioner is now complaining about, or asking for, is that an error be corrected in the record. . . . All, therefore, the petitioner is now asking for is that this lease be correctly recorded." In substance, therefore, the plaintiff is asking to have the record of the lease, as found in the office of the recorder of deeds, corrected.

It seems clear to us that the re-recording of the instrument with the change insisted upon noted, would not remedy the situation. In that event there would be two records of the lease, differing in respect to the sentence in question, with nothing upon the record or in this proceeding to effectually determine which record is correct. The petitioner would be no nearer his goal than he is now. It would still be necessary for him, by an appropriate proceeding, to have the record corrected so that the contradiction presented by the recording of the lease in two different forms would be removed.

The re-recording of the lease, with the change noted as requested by plaintiff, would be further ineffectual, since an order of the court directing that it be so re-recorded would be inoperative against the original lessor, Sophie G. Keenan, and her grantee, as they are not made parties to this proceeding. It would still be necessary for the petitioner, by an appropriate proceeding, to which the persons named are made parties, to secure a decree correcting the record.

It may be suggested on behalf of the petitioner that if an order be made for the re-recording of the instrument, as sought by him, the record will then give public notice of his contention that the original record of the lease is incorrect, and of the true status of his rights under the lease. It seems to us, however, that the answer to this suggestion is, that the same effect as to notice will be obtained immediately by the institution of a proceeding by bill in equity for the correction of the original record. Such a suit in equity upon being properly indexed would be notice to all persons thereafter dealing with the real estate of the position of the petitioner. It would seem to us to be a vain and useless thing to order the re-recording of the lease for the mere purpose of giving notice.

It seems to us that to continue the instant proceeding is further objectionable in that it would subject the parties to what in the end will prove to be an unnecessary expense and delay. The trial of this proceeding, if continued, would probably involve a jury trial and occasion considerable costs, with the result desired still unattained at the end of the proceeding. In other words, to continue the present proceeding would have the effect both of delaying and making more expensive the accomplishment of a result which must sooner or later be sought in another proceeding.

Our attention has not been called to any case clearly determining the remedy to be pursued under such a state of facts as is presented by the pleadings in this case. We have no doubt, however, that a proceeding in equity would be appropriate to correct the existing record, all parties in interest to be brought upon the record, and eventually a decree made which would establish finally the rights of the parties. That this is the proper procedure is suggested in the case of Excelsior B. & L. Ass'n v. Reed, 8 Dist. R. 417, and the case of Andrews v. Perry, 2 Blair Co. Rep. 234. In any event, we are satisfied that the proceeding by mandamus will be of no avail to the petitioner in this case.

It was argued by defendant that the court is without jurisdiction to control the recorder of deeds with reference to his records by a proceeding in mandamus, for the reason that the recorder of deeds is not an officer of the court, and his records are not records of the court. It is sought to support this position by the decision of the court in the case of Excelsior B. & L. Ass'n v. Reed, above cited. We are of the opinion, however, that this decision does not support the contention. All that decision established was that the court could not by summary order direct a change of the records in the office of the recorder of deeds. We think there is no question, however, that under the provisions of section one of the Act of March 19, 1903, P. L. 32, the court has jurisdiction by writ of mandamus to compel the recorder of deeds, as well as other county officers, to perform such ministerial acts or duties as the law imposes upon them. In view of the conclusion we have reached for the reasons hereinbefore stated, we do not further consider this phase of the case.

### Order

Now, to wit, September 28, 1931, it is ordered, adjudged and decreed that the alternative writ of mandamus heretofore issued in the above-entitled case be, and the same hereby is quashed, and this proceeding is dismissed at the cost of the petitioner, without prejudice to the right of the petitioner to raise the questions herein presented by some other appropriate proceeding.

From William F. Schutte, Beaver Falls, Pa.