STATE EX REL. STANLEY J. MULAK *v.* ELSIE L. BURDON,
TOWN CLERK OF THE TOWN OF SOMERS

COURT OF COMMON PLEAS      TOLLAND COUNTY      FILE No. 775

Memorandum filed March 17, 1952.

*Robert J. Pigeon,* of Rockville, for the Plaintiff.

*Donald C. Fisk,* of Rockville, for the Defendant.

FITZGERALD, J.  In this action Stanley J. Mulak, hereinafter referred to as the plaintiff, is seeking to have issued a writ of mandamus ordering the defendant, who is clerk of the town of Somers, to certify to the secretary of state of the state of Connecticut his election to the board of education of the town of Somers for the unexpired portion of a term ending in October, 1953.  At the request of the court the evidence submitted on February 13 has been supplemented in part by a stipulation of counsel respecting some of the subordinate facts.  Actually the facts of the case are not in dispute.

It appears that a Mr. Schnare had been elected to the board of education of the town of Somers at the biennial election in October, 1949, for a term of four years commencing that month and extending until October, 1953. On June 8, 1951, Mr. Schnare resigned as such member and the remaining members of the board on that date filled the vacancy by appointing another to serve until the next biennial election. This was pursuant to § 1502 of the General Statutes. The next biennial election in the town of Somers was held on October 1, 1951, at which time nominees of both the Republican and Democratic parties sought election to the various town offices. No political party nominated a candidate to fill the unexpired term on the board of education which had resulted from the resignation of Mr. Schnare and which the interim appointment had not filled beyond the date of the October, 1951, biennial election. At that biennial election the plaintiff received eight votes for membership on the board of education. These votes were entered on eight respective ballots by writing in the plaintiff's name for membership on the board by eight separate electors. The designation was made under that column of the ballots labeled "BLANK COLUMN" and directly under the printed words "BOARD OF EDUCATION." The prefatory words employed on these eight ballots, followed by the writing in of the plaintiff's name, were "Term beginning 1949."

The town of Somers has but one voting district. Mr. A. Vail Smith was the duly appointed moderator at the election. After the closing of the polls on October 1, 1951, and after the tabulation of all votes and before adjournment, Mr. Smith as moderator publicly declared the plaintiff elected to the board of education to fill the vacancy in the term expiring in October, 1953. This declaration was intended to be in accord with the fact and in compliance with § 1071 of the General Statutes. It was made in the presence

of the defendant town clerk. The declaration was challenged by the Republican and Democratic town chairmen, but the moderator would not change his position and the meeting was adjourned. The plaintiff is not affiliated with either the Republican or Democratic party. He styles himself an "independent."

On the following day, Mr. Smith, as moderator at the election held on the preceding day, wrote the defendant a letter in which he in effect changed his position regarding the plaintiff's election. The pertinent portion thereof reads: "I have studied this problem thoroughly since making my declaration and have concluded that I, as Moderator, did not have the power to declare anyone elected to this vacant position. The fact is that this vacancy on the board of education did not appear on the official ballot and was therefore not before the voters, to be filled. For this reason it is my opinion that neither Stanley Mulak nor any other person was elected to the office of board of education for the term ending in October, 1953, and it is my opinion that that position remains vacant." The moderator sent copies of this letter to the Republican and Democratic town chairmen, but not to the plaintiff.

In addition to the two statutes referred to in the foregoing statement (§§ 1502 and 1071), there are at least four others which have some bearing on the problem as a whole. Section 523 requires that town clerks within ten days after the election of town officers shall return to the secretary of state a statement of the name and address of each person elected to office in a town election. Section 527 confers upon any person claiming to have been elected to a town office, but not so declared, the right of petition to any judge of the Superior Court within sixty days after the holding of the election. Section 1040 authorizes the writing in of the name of any

person on a ballot whose name does not appear thereon, as the choice of an elector for any designated office. Section 1072 requires that the moderator at a town election in a town not divided into voting districts, as is Somers, shall, on or before the day following an election, deposit in the office of the town clerk duplicate certificates, signed by him, showing the result of the official count for each ballot box used, and that the town clerk shall preserve the same on file.

There is no question but that the defendant as town clerk did not return the plaintiff's name to the secretary of state as elected to the unexpired term on the board of education. It is the plaintiff's claim that § 523 made it mandatory upon her to have done so, and that a writ of mandamus lies to compel the performance of a duty concerning which there is no aspect of discretion. On the facts of the case, however, there is no question but that the moderator did not comply with § 1072, which requires the depositing of duplicate certificates with the town clerk relating to the official count for each ballot box.

In this connection the stipulation of counsel reads: "At said biennial election held October 1, 1951, no counters' certificates were used, nor any other certificates either by the counters or moderator. The procedure followed in this election of Town Officers is the customary one which has been followed in town elections in Somers for the past twenty-five years. The office of the Secretary of State does not send counters' certificates, or any other certificates, to the towns to be used by the moderator in town elections, but only in state elections."

The foregoing provision in the stipulation cannot be held to serve the purpose of making inapplicable the statutory requirement in so far as the town of Somers is concerned. The fact remains that the defendant, as town clerk, never received from the

moderator the certificates required by statute, relating to the filling of the unexpired term of office on the board of education. The only writing received by the defendant is the moderator's letter, hereinbefore quoted in part.

It is the court's considered opinion that the moderator's public declaration that the plaintiff was elected to the unexpired term on the board of education ending in October, 1953, is not sufficient to warrant the issuance of a writ of mandamus ordering the defendant as town clerk to certify to the secretary of state under § 523 the plaintiff's election to such office. Sections 1071 and 1072 must be read together. When so read it appears that the defendant was not furnished by the moderator with all essentials which imposed upon her an official duty of a mandatory nature. It follows that the issuance of the writ must be denied.

In view of the foregoing conclusion, any further discussion would only be academic. Notwithstanding the claim of the defendant to the contrary, the court is of the opinion that the statutory petition provided by § 527 does not preclude the plaintiff from seeking to have a writ of mandamus issued. That statute has reference to a situation in which one who claims to have been elected to public office, "but not so declared," seeks to establish his status. Generally speaking, it is the statutory remedy provided to meet those situations in which two or more rival candidates for public office are in controversy as to which one was legally elected to such office. See cases collected in 14 Words & Phrases (Perm. Ed.) 277 et seq., under the heading "Election Contest." That is not the situation at bar.

It is true that mandamus does not adjudicate title to office, nor settle conflicting claims to such office. *State ex rel. Comstock* v. *Hempstead*, 83 Conn. 554, 561, 35 Am. Jur. 6, § 225. However, mandamus will

lie to compel an official to do an act in respect to which he has no discretion. *In the Matter of Gilhuly's Petition,* 124 Conn. 271, 277. As already noted, the plaintiff failed in his application for mandamus on rather narrow grounds. Had the moderator complied with both §§ 1071 and 1072, the plaintiff's right to the issuance of the writ would be clear. The defendant's duty in that event to comply with § 523 would not be a matter of discretion, but mandatory in every sense of the word.

In passing, it is stated that the fact that the plaintiff's name was written in by electors on ballots to fill an unexpired term on the board of education, even in the absence of any formal nominations whatsoever to that office, would not affect his position if it were otherwise tenable. See *State ex rel. Shriver* v. *Hayes,* 148 Ohio St. 681, 689; § 1040 of the General Statutes.

As already stated, judgment is required to be entered denying the plaintiff's application for the issuance of a writ of mandamus. Whether the result would have been different had the moderator been a party defendant, *quaere.*