STATE OF CONNECTICUT *v.* DAVID L. RINGO III

FILE No. CR 6-53962

STATE OF CONNECTICUT *v.* EVELYN ANNE CARROLL

FILE No. CR 6-53963

CIRCUIT COURT                                          SIXTH CIRCUIT

Memorandum filed April 8, 1968

*Herbert R. Scott,* special acting temporary assistant prosecuting attorney, for the state.

*Leander C. Gray,* of New Haven, for both defendants.

JACOBS, J. The informations in these cases are identical. Each defendant is charged in a two-count information with possession of marihuana, in the first count in violation of Public Acts 1967, No. 555 § 37 (a), and in the second count with possession of controlled drugs in violation of Public Acts 1967, No. 555 § 37 (b).[1] Since the issues raised for determination are identical in every respect, the court deems it sufficient to file a single memorandum of decision which shall be applicable to both cases.

Pursuant to Practice Book §§ 494 and 495, the defendants filed a motion for a bill of particulars in which they sought fuller details relating to the offenses charged in the informations. The prosecuting attorney, on his own motion, furnished the defendants with such a bill of particulars. In paragraph 4 of the bill of particulars, the state alleged: "In the apartment defendant and another were in [160 York Street, 3rd floor, New Haven], and on a table in plain view were two pipes containing burnt remnants of a plant-like material having the characteristics of marijuana. In addition pills, a box containing seeds having the characteristics of marijuana, and a brown case containing plant-like material having the characteristics of marijuana were found in the apartment." In paragraph 5 of their motion, the defendants sought "[t]he precise nature and cause of the alleged crimes charged against

[1] "[Public Acts 1967, No. 555] Sec. 37. (a) Any person who possesses or has under his control any quantity of any narcotic drug, except as authorized in this act, for a first offense, shall be imprisoned not more than ten years and may be fined not more than three thousand dollars; and for a second offense, shall be imprisoned not more than fifteen years, and may be fined not more than five thousand dollars; and for any subsequent offense shall be imprisoned not more than twenty-five years. (b) Any person who possesses or has under his control any quantity of any controlled drug other than a narcotic drug, except as authorized in this act, shall be fined not more than one thousand dollars, or be imprisoned not more than one year, or both."

each of the defendants." The state's bill of particulars alleged in response thereto: "Possession of marijuana, P.A. 555, Sec. 37 A. Possession of controlled drugs, P.A. 555, Sec. 37 B."

Thereafter, the defendants filed motions (Practice Book § 499) to quash the informations upon two grounds: (1) "The particulars stated in the bill of particulars filed by the State of Connecticut . . . do not constitute the offense in the information or any lesser offenses necessarily involved in such charges and under which the defendant might be found guilty." (2) "The particulars stated in the bill of particulars make it apparent that the defendant did not commit the offenses charged in the information nor any other offenses punishable under the laws of the State of Connecticut."

At the outset, we take note of the function of the motion to quash. "The motion to quash serves the purpose of a demurrer." *State ex rel. Comstock* v. *Hempstead*, 83 Conn. 554, 556; *State ex rel. Waterbury* v. *New York, N.H. & H.R. Co.*, 81 Conn. 645, 653. "A motion to quash for the insufficiency of the facts stated in the writ is in effect a demurrer upon the grounds stated in the motion." *State ex rel. Elliott* v. *Lake Torpedo Boat Co.*, 90 Conn. 638, 645; *State ex rel. Foote* v. *Bartholomew*, 103 Conn. 607, 611; *State* v. *Erickson*, 104 Conn. 542, 544; *State ex rel. Campo* v. *Osborn*, 126 Conn. 214, 215. "The motion to quash is employed to attack the validity of an indictment or information for defects appearing therein. . . . The motion to quash is regarded with disfavor and the policy of the law is to narrow the grounds on which it can be based and the time in which it can be made. . . . The granting of a motion to quash lies within the discretion of the court, and will only be granted if it clearly appears that no judgment could be rendered on the indictment. The

denial of the motion cannot be reviewed on appeal."
4 Wharton, Criminal Law and Procedure (12th Ed.)
§ 1853.

The Connecticut legislature in 1967 enacted into law Public Act No. 555, entitled "An Act Revising the Laws Relating to Dependency-Producing Drugs and Treatment of Drug Dependent Persons."

## I

### WHAT IS MARIHUANA?

Section 1 (4) of the act provides that " 'cannabis-type drugs' include all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such a plant; and every compound manufacture, salt, derivative, mixture or preparation of such plant, its seeds or resin; but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture or preparation of such mature stalks, except the resin extracted therefrom, fiber, oil or cake, or the sterilized seed of such plant which is incapable of germination. Included are cannabinon, cannabinol and chemical compounds which are similar to cannabinon or cannabinol in chemical structure or which are similar thereto in physiological effect, and which show a like potential for abuse." And § 1 (18) of the act provides that " 'narcotic drugs' includes cannabis-type, cocaine-type and morphine-type drugs, and other drugs regulated under the federal narcotic laws."

"Narcotics," as used in state and federal legislation, is not a scientific but a legal term. See President's Comm'n on Law Enforcement and Administration of Justice, The Challenge of Crime in a Free Society, pp. 211, 212. Under federal law,

marihuana, though not technically a narcotic, is treated for all purposes just like opiates. Compare 26 U.S.C. §§ 4701–40 (1964) with 26 U.S.C. §§ 4741–76 (1964). Under state law, "narcotic drugs" include both marihuana and opiates. See Uniform State Narcotic Drug Act, General Statutes, c. 344. " 'Narcotics' is a term of convenience used to designate opium, cocaine, marijuana, and their derivatives, and the many synthetic compounds which produce physiological results similar to those of the natural drugs." Eldridge, Narcotics and the Law (2d Ed.) p. 1. The importance of marihuana in the general narcotics problem is a subject of considerable controversy, but the potency of the drug and the manner of its use in the United States indicate that probably its most serious aspect is in leading the user toward addiction to the more potent opiates. Pescor, "The Problem of Drug Addiction," 43 J. Crim. L.C. & P.S. 471, 473–74.

*"Cannabis,* obtained from the flowering tops of *hemp* plants, is a very ancient drug, the knowledge of which dates to remote antiquity. . . . The term *marijuana* is commonly employed in the United States and denotes any part of the hemp plant or extract therefrom which induces somatic and psychic changes in man. . . . *Neuropsychiatric Effects.* The actions of cannabis in man are manifested almost entirely on the central nervous system. . . . The central effects of the drug combine elements of excitation and depression, and vary with the personality of the individual, the route of administration, and the variety and potency of the cannabis. Soon after taking cannabis, or one of the natural or synthetic active substances, the subject finds himself in a dreamy state of altered consciousness in which his ideas are disconnected, uncontrollable, and sometimes plentiful. Often there is a feeling of extreme well-being, exaltation, excitement, and

inner joyousness (described as 'high'). At other times, the subject may sink into a moody revery, or experience panic states and fear of death (described as 'down'). Ideas come in disrupted sequences, things long forgotten are remembered and others well known cannot be recalled; imagination runs riot and perception is crowded and disturbed. . . . A true drug psychosis may develop from marijuana and persist for a few hours or even weeks." Goodman & Gilman, The Pharmacological Basis of Therapeutics, pp. 170–75; see 13 Am. Jur. Proof of Facts 417, Criminal Drug Addiction and Possession, § 19.

Cannabis use follows the pattern of drug habituation, which is characterized by "(1) a desire (but not a compulsion) to continue taking the drug for the sense of improved well-being which it engenders; (2) little or no tendency to increase the dose; (3) some degree of psychic dependence on the effect of the drug but absence of physical dependence and hence of the abstinence syndrome; (4) detrimental effects, if any, primarily on the individual." Murphy, "The Cannabis Habit," 15 Bulletin on Narcotics 15 (No. 1, Jan.–Mar. 1963); see Mayor's Comm. on Marijuana, The Marijuana Problem in the City of New York (1944).

Legally and pharmacologically, the court must conclude that marihuana is a "cannabis-type" drug and therefore falls within the prohibition of Public Acts 1967, No. 555 §§ 1 (4) and 1 (18).

## II

### CONTROLLED DRUGS

Section 8 of the act provides that "[n]o person shall . . . possess [or] have under his control . . . any controlled drug, except as authorized in this act." Controlled drugs are defined in the act. Under § 1 (6) of the act, "[c]ontrolled drugs are classifi-

able as amphetamine-type, barbiturate-type, cannabis-type, cocaine-type, hallucenogenic, morphine-type and other stimulant and depressant drugs. Specifically excluded from controlled drugs are alcohol, nicotine and caffeine . . . ."

The court must conclude that the information in each case sufficiently alleges the crimes charged under Public Acts 1967, No. 555 § 37 (a) and (b), and therefore withstands attack by the motion to quash. Of course, it will be incumbent upon the state to establish to the satisfaction of the trier by the requisite degree of proof the commission of the crimes charged in the informations.

The motion to quash in each case is denied for the reasons stated herein.