THE STATE, EX REL. NICHOLAS E. WARMOLTS, v. JOHN KEEGAN, CITY CLERK OF THE CITY OF PATERSON, IN THE COUNTY OF PASSAIC.

Argued February Term, 1903—Decided April 1, 1903.

1. *Mandamus* will lie to compel the performance of purely ministerial duties plainly incumbent upon an officer by virtue of his office and concerning which he possesses no discretionary powers.
2. The clerk of a board of aldermen who refuses to comply with a resolution of such board to strike one name from the roll of members and to place another thereon will be compelled by *mandamus* to perform the duties of his office in these respects.

On rule to show cause why a *mandamus* should not issue directing the city clerk of Paterson "to admit N. E. Warmolts as a member of the board of aldermen in the place and stead of August Winters, and to strike the name of August Winters off the roll and put the name of N. E. Warmolts thereon instead."

The facts established by the proofs taken under this rule are: At a meeting of the board of aldermen of the city of Paterson, held on the 16th day of February, 1903, at which the defendant, the city clerk, was present and acting as clerk of said board, the following resolution was adopted:

"WHEREAS, At the annual election held in this city and county in November, 1901, August Winters was elected for the term of one year as alderman of the Third ward of this city, he having been regularly nominated for said term; and

"WHEREAS, At the annual election held in this city, November 4th, 1902, for aldermen and other officers, said August Winters was again a candidate for said office, he having been regularly nominated therefor and accepted said nomination; and

"WHEREAS, N. E. Warmolts was also, at said last-mentioned election, a candidate for the same office, he having been regularly nominated therefor; and

"WHEREAS, At said election a greater number of votes were cast for said N. E. Warmolts than for said August Winters for alderman for said Third ward for the term of two years, to commence January 1st, 1903; now, therefore, in the judgment of this board, the said N. E. Warmolts was duly and legally elected as alderman from said ward at said annual election held November 4th, 1902, and is duly and legally entitled and qualified to act as said alderman and to enjoy all the rights and subject to all the duties of such office in the place and stead of August Winters; therefore, be it

"*Resolved,* That said N. E. Warmolts be at once admitted as a member of this board for said ward and term in the place and stead of said August Winters, with all the rights and privileges and subject to all the duties of a member thereof, and that the name of the said August Winters be stricken off the roll-call and the said N. E. Warmolts placed thereon instead."

After this resolution had been declared to have been adopted the president ordered the defendant to place the name of N. E. Warmolts on the roll of membership of the board in place of that of August Winters, which the defendant refused to do. At a special meeting of the board, held on the 20th day of February, 1903, in calling the roll of members, the defendant called the name of Winters, and did not call the name of Warmolts, who was present, and voted upon being asked by the president how he voted. This vote of Warmolts the defendant refused to register. At a subsequent meeting, held on March 2d, 1903, the defendant refused to call the name of Warmolts, but called that of Winters, after which, upon the application of Warmolts, the present rule to show cause was allowed.

Before Justices DIXON, GARRISON and SWAYZE.

For the relator, *James G. Blauvelt.*

For the defendant, *William B. Gourley.*

For the city of Paterson, *Michael Dunn.*

The opinion of the court was delivered by

GARRISON, J. The clerk of a board of aldermen, in keeping a record of its proceedings, performs a ministerial duty that is imperative in its nature. If those proceedings result in a direction to him to omit one name from the roll of members, and to place another thereon, the clerk is as entirely without discretion in the premises as he is without responsibility for such result. His duty is to note the action of the body of which he is clerk, to keep a record of such action, and to announce it, in efficient form, when so required. His opinion as to the legal propriety of the official acts that he is called upon to register is of no sort of consequence. Any other view would invest a subordinate ministerial officer with supervisory and veto powers at once alien to his office and subversive of order and legislative control. The general rule as to *mandamus* in such cases is thus stated by Mr. High in his work on the subject: "It may be asserted, as a rule of universal application, that, in the absence of any other adequate and specific legal remedy, *mandamus* will lie to compel the performance of purely ministerial duties plainly incumbent upon an officer by operation of law or by virtue of his office and concerning which he possesses no discretionary powers." *High Mand.*, § 80.

This citation states the established rule upon the subject, and is aptly descriptive of the precise situation disclosed by the case in hand.

In the case of *Leeds* v. *Atlantic City*, 23 *Vroom* 332, which is relied upon by the defendant, the title of the relator *de jure* was *res judicata,* and on this ground the *mandamus* went. In the present case the title to office is not even drawn in question, and if it were, it could in no respect be tested by the mere non-performance of a purely clerical function.

A peremptory *mandamus* may issue commanding the defendant to strike the name of August Winters off the roll of members of the board of aldermen of the city of Paterson, and to place the name of N. E. Warmolts thereon, with costs.