### Ex Parte CHICAGO TITLE & TRUST CO.

(Circuit Court of Appeals, Seventh Circuit. · April 24, 1906.)

#### No. 1,273.

MANDAMUS—GROUNDS FOR WRIT—ENFORCEMENT OF COMPLIANCE WITH MANDATE.

Where a decree in bankruptcy entered by a District Court upon a mandate from the Circuit Court of Appeals clearly does not conform to such mandate, and a party is without other remedy to preserve rights which have been sustained by a decision of the Supreme Court to enforce which the mandate was issued, the Circuit Court of Appeals may enforce a compliance with such mandate by mandamus requiring a modification of the decree.

[Ed. Note—For cases in point, see vol. 33, Cent. Dig. Mandamus, § 121.]

On Petition for Writ of Mandamus.

Joseph Paden and Newton Wyeth, for petitioners.
Henry S. Robbins, for respondent.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

PER CURIAM. This is an application for a writ of mandamus to the judge of the District Court, sitting in bankruptcy, in a proceeding entitled In re Alexander Rodgers, Bankrupt, for the modification of a decree therein of November 1, 1905, purporting to be entered "upon the mandate of the United States Circuit Court of Appeals for the Seventh Circuit remanding said cause * * * for further proceedings in conformity with the opinion of the Supreme Court of the United States." The opinion of the Supreme Court referred to is reported under the title of First National Bank of Chicago v. Chicago Title & Trust Co., 198 U. S. 280–288, 25 Sup. Ct. 693, 49 L. Ed. 1051, on certiorari to the Circuit Court of Appeals for the Seventh Circuit. The petition sets out the decree as entered, and alleges that it does not conform to the opinion of the Supreme Court, or the mandate issued by this court thereupon. We have no doubt the decree of the District Court is not in conformity with the opinion and directions of the Supreme court. The question, whether the jurisdiction of this court extends to the enforcement of such directions by mandamus, under the terms of the mandate to this court, is difficult of solution within the authorities. The inquiry in the present case, however, in-

volves the further fact, stated in the return to the alternative writ, that like application for mandamus was presented by the petitioner to the Supreme Court and the motion for leave to file such petition was denied without qualification. The supervisory jurisdiction of this court under the bankruptcy act July 1, 1898, c. 541, § 24b, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432] is not invoked by the petition, nor can it be exercised in this instance, for want of necessary parties and timely application. Moreover, the petition avers that the statute of limitations will soon run against the petitioner's claims in reference to which the Supreme Court directed modification of the decree, to provide against "prejudice to the right of respondents to litigate in a proper court."

With the right to such modification unquestionable under the express terms of that opinion and need of speedy relief to preserve any rights of the petitioner, no remedy appears, unless the writ of mandamus can issue as sought by this application.

Upon the decision of the cause by the Supreme Court, on certiorari to this court, it was "remanded to the said Circuit Court of Appeals with directions to dismiss the appeals and to remand the cause to the District Court * * * for further proceedings in conformity with the opinion of this court." The mandate of this court remanded the cause to the District Court in like terms, without specifying the modifications to be made. Whether the last-mentioned mandate was the command of this court, in the sense of the statute and authorities, may not be clear, but the mandate of the Supreme Court is plainly addressed to this court for remand to the District Court to carry out the directions. In view of the form and terms thus adopted by the Supreme Court, together with its denial of leave to file there an application for the writ under the circumstances stated, it is reasonable to assume that the Supreme Court intended and treated the final direction to the District Court as proceeding from this court, under the decision on certiorari, with jurisdiction to enforce obedience. Thus considered, the petitioner is entitled to the writ, and the alternative writ issued herein is, accordingly, made peremptory.