**UNITED STATES**

v.

**MALMIN**

No. 2693

Circuit Court of Appeals

Third Circuit

April 23, 1921

*Rehearing Denied June 13, 1921*
*See, also, 272 Fed. 785*

WEBSTER S. ACHEY, Asst. United States Attorney, Philadelphia, Pa.

WILLIAM CLARKE MASON, Philadelphia, Pa., JAMES HAMILTON LEWIS, Chicago, Ill., and HAMPTON L. CARSON, Philadelphia, Pa., *for defendant*

Before BUFFINGTON, WOOLLEY, and DAVIS, *Circuit Judges*

WOOLLEY, *Circuit Judge*

The United States prays for a writ of mandamus directed to a judge of a territorial court absent from his district, commanding him to return and resume the duties of his office.

The averments of the petition, paraphrased and compressed, are as follows:

The Virgin Islands are territory of the United States, subject to the Constitution and such laws of the United States as are applicable thereto. The Congress, by Act of March 3, 1917, ch. 171, secs. 1 and 2 (48 U.S.C., 1946 Ed., §§ 1391, 1392), provided:

"That . . . all military, civil, and judicial powers necessary to govern the West Indian Islands acquired from Denmark shall be vested in a Governor and in such person or persons as the President may appoint, and shall be exercised in such manner

515

as the President shall direct until Congress shall provide for the Government of such Islands. . . .

"That until Congress shall otherwise provide, . . . local laws, in force and effect in said Islands on the seventeenth day of January, Nineteen hundred and seventeen, shall remain in force and effect in said Islands, and the same shall be administered by the civil officials and through the local judicial tribunals established in said Islands, respectively; and the orders, judgments, and decrees of said judicial tribunals shall be duly enforced. With the approval of the President, or under such rules and regulations as the President may prescribe, any of said laws may be repealed, altered, or amended by the Colonial Council having jurisdiction. The jurisdiction of the judicial tribunals of said Islands shall extend to all judicial proceedings and controversies in said Islands to which the United States or any citizen thereof may be a party. In all cases arising in the said West Indian Islands and now reviewable by the courts of Denmark, writs of error and appeals shall be to the Circuit Court of Appeals for the Third Circuit, and, except as provided in sections two hundred and thirty-nine and two hundred and forty of the Judicial Code, the judgments, orders, and decrees of such court shall be final in all such cases."

Pursuant to the power thus conferred, the President of the United States, on August 24, 1917, signed an Executive Order prescribing sundry rules, among which was the following:

"Repeals, Alterations, and Amendments of local laws of the Virgin Islands of the United States by Colonial Council having jurisdiction, shall be effective and enforced when, and to the extent, said Repeals, Alterations and Amendments are approved by the Governor of said Islands . . . the President reserves the right to disapprove and set aside any enactments of the Colonial Council."

Pursuant to the Act of Congress and the Proclamation of the President, the Colonial Council of the Municipality of the Island of St. Croix, in May, 1920, adopted, and the Governor of the Virgin Islands approved, a code of laws. By section 5(a), chapter 1 (of Title I) thereof, it was provided:

"Section 5(a). There shall be appointed by the Governor two Judges for the District Court, one to reside in each Municipality, and, each shall hold office, until otherwise directed by Congress or the President, during good behavior and who shall be removed only for cause involving moral turpitude."

Under authority of this section of local laws, Joseph W. Oman, an officer of the United States Navy, and Governor of the Virgin Islands by appointment of the President, appointed Lucius J. M. Malmin Judge of the District Court of the Virgin Islands of the United States for the Municipality of St. Croix, as of June 12, 1920; formal notice thereof being conveyed to the appointee by the Acting Attorney General of the United States.

First qualifying, Lucius J. M. Malmin, on September 1, 1920, entered into the performance of the duties of his said office.

By Executive Order, dated the twelfth day of November, 1920, the President, in the exercise of the right reserved by the Executive Order previously cited, and under authority of the Act of Congress, approved March 3, 1917 (supra), revoked and set aside section 5(a), chapter 1 (of Title I) of the Colonial Code for the Municipality of St. Croix, previously quoted. By force of this executive action, the United States asserts that all power to appoint a judge of the District Court for the Virgin Islands, theretofore vested in the Governor, was rescinded. Continuing, it avers, that on the twentieth day of November, 1920, Lucius J. M. Malmin, Judge as aforesaid, departed from the Virgin Islands for the United States,

on business, it is alleged, incident to the welfare of the Islands. When at sea an officer of the steamship handed him a letter from Joseph W. Oman, Governor of the Islands, revoking his appointment as Judge of the District Court for the Municipality of St. Croix and enclosing a check in full payment of his salary. Subsequently, Joseph W. Oman, Governor of the Islands, appointed as Judge of the said court one Frederick G. McKean, who at once assumed the duties of that office.

On these facts, and particularly on the one which concerns the revocation of section 5(a), chapter 1 (of Title I) of the Colonial Code, the United States avers that on November 20, 1920, Joseph W. Oman, Governor of the Islands, was without authority in law to revoke the appointment of Lucius J. M. Malmin as Judge of the said District Court, that he was also without authority in law thereafter to appoint Frederick G. McKean as Judge of the said court, and that Frederick G. McKean is without warrant in law to hold the said office except in so far as he may be authorized under appointment by virtue of section 15 of the Colonial Code (supra) █ to act during the absence of the said Lucius J. M. Malmin.

Further averring it to be the duty of Lucius J. M. Malmin to return forthwith to the Virgin Islands and to resume the duties of his office in order that the purposes of his appointment shall be fulfilled by the completion of cases formally begun before him, and in order also that parties litigant may have their cases heard before the only judge warranted by law to hear and finally dispose of them, to the end that, if aggrieved by final judgments, they may have opportunity, under the laws of the United States, to apply to this appellate court for review of the same, the United States prays this court to issue an alternative writ of mandamus,

directed to Lucius J. M. Malmin, Judge of the District Court of the Virgin Islands, commanding him to return forthwith to the Municipality of St. Croix and resume the duties of his office.

Lucius J. M. Malmin, the respondent, appeared gratis, and, waiving the issue of an alternative writ, made answer by admitting all the facts averred in the Government's petition and by submitting himself to the jurisdiction of this court. The United States demurred to the respondent's answer. Thus the cause is pleaded to issue, the issue being, whether a peremptory writ of mandamus shall be awarded or refused.

As we regard the case, it presents three questions: First, whether the facts warrant the extraordinary remedy of mandamus; second, whether this court has jurisdiction in any event to issue such process; and third, if it has, when and to what end may it resort to its exercise.

■ ■ Before turning to the first question, it is important to note that this is not a case where one, claiming title to an office, comes into court as relator in a petition for mandamus and assails the title of another. There is here no relator. The United States, the sovereign itself, is the petitioner, moving by the Attorney General, at Washington, not merely by the local District Attorney. The District Judge, a servant of the United States, is the respondent. The incumbent appointed to succeed him is not a party; nor in this action, where all essential facts are established and the title to the office is not in contest, and where the command of the Court will be directed to the respondent alone, is the incumbent a necessary party. State ex rel. Leeds v. Atlantic City, 52 N. J. Law, 332, 338, 19 Atl. 780, 8 L.R.A. 697. It is also important to note that the object of the proceedings begun by the United States, is to invoke against the

519

respondent, its servant, the exercise by this court of an extraordinary power, which, though always guarded by courts, is freely employed "to prevent disorder from a failure of justice." Rex v. Baker, 3 Burr. 1265.

■■ In considering whether the facts are such as to invoke the remedy sought, it is to be observed that ordinarily a writ of mandamus is not demandable, as a matter of right, but is awarded in the discretion of the court. People v. Police Com'rs, 107 N.Y. 235, 13 N.E. 920; People v. Croton Aqueduct Board, 49 Barb. (N.Y.) 259; Wiedwald v. Dodson, 95 Cal. 450, 30 Pac. 580; Bedford v. Wingfield, 27 Grat. (Va.) 333. But where a clear legal right is shown, as where one lawfully in office has been ousted therefrom without authority, and where it is in the public interest and conducive to peace and good government that he be speedily restored, mandamus will lie. State v. Baldwin, 77 Ohio St. 532, 83 N.E. 907, 19 L.R.A. (n.s.) 49, 12 Ann. Cas. 10, with extended notes. With this in mind, courts regard their discretion as greatly contracted; indeed, it has been said, that in such case, the court, having authority to issue the writ, has no discretion at all. Illinois Central R. Co. v. People, 143 Ill. 434, 33 N.E. 173, 19 L.R.A. 119.

■ Addressing our discretion to the case, however, we find present the first requisite for the remedy of mandamus — a state of facts wholly undisputed, raising only a question of law. Otherwise the remedy would be by quo warranto. Howard v. Gage, 6 Mass. 462; In re Kenny, 52 App. Div. 385, 65 N.Y. Supp. 204; Adams v. Duffield, 4 Brews. (Pa.) 9.

■ The capital facts of the admitted situation on which the United States claims a legal right to the writ are these:

Under the Colonial Code of the Virgin Islands, the Governor was vested with power to appoint a District

520

Judge. In the exercise of that power he appointed the respondent. Thereafter the section of the Code which alone vested him with appointive power was repealed by the President. After its repeal, the Governor removed the respondent as judge and appointed another. If the Governor ever had power of removal, it was only by force of section 5(a), chapter 1 (of Title I) of the Colonial Code. Similarly, his power of appointment was derived only from that section. When that section was repealed, it left him equally without power to remove one judge and to appoint another. As he did both these acts without sanction of law, they left both parties, the United States maintains, just where they were before — the respondent as Judge with prima facie title to the office and the succeeding appointee without color of title.

■-■ The law applicable to such situation is not uncertain. Admittedly, mandamus is not an appropriate process for testing title to public office. The appropriate process is quo warranto. Yet it is conceded that, with certain limitations, mandamus is an appropriate remedy to restore to office one lawfully in possession and unlawfully removed, Howard v. Gage, 6 Mass. 462; especially if it be a matter of public concern, Rex v. Baker, 3 Burr. 1265; Fuller v. Academic School, 6 Conn. 532; Burr v. Norton, 25 Conn. 103; Ransom v. Boston, 193 Mass. 537, 79 N.E. 823; State v. Baldwin, 77 Ohio St. 532, 83 N.E. 907, 19 L.R.A. (n.s.) 54, 55, 56, 12 Ann. Cas. 10. This rule extends, as here, to one summarily removed from office without notice or opportunity to be heard and in violation of law applicable to his office. People v. Keller, 158 N.Y. 187, 52 N.E. 1107; Geter v. Tobacco Inspection Com'rs, 1 Bay (S.C.) 354, 1 Am. Dec. 621. It restores the removed officer, not on a right conclusively established but on his showing of a clear prima facie title to the office. State v. Oates, 86 Wis. 634, 57

N.W. 296, 39 Am. St. Rep. 912; Harwood v. Marshall, 9 Md. 83. If, after removal of one with prima facie title, a successor be installed in the office, the right of the former to a writ of mandamus depends on the occupancy of the office by the latter, that is, whether it be with color of title or without color of title. If he succeed to the office with color of title, there arises a dispute as to title, triable only by writ of quo warranto. This is on the theory that the office is filled, or in other words, that there is a de facto officer. "In such cases, the reason for the rule makes the fullness of the office de facto the test" as to whether quo warranto or mandamus lies. The rule therefore is:

"That quo warranto and not mandamus is the remedy in all cases in which an office is full de facto, excepting only those cases in which the office has been filled by proceedings palpably without legal warrant." State ex rel. Leeds v. Atlantic City, 52 N. J. Law, 332, 336, 19 Atl. 780, 781 (8 L.R.A. 697), and cases cited.

In cases within this pertinent exception, the reason for the rule is wanting, that is, in "cases in which the facts before the court, or within its judicial knowledge, show that the relator was in office de jure et de facto, and that the defendant, while claiming to be in de facto, can make no claim to be in de jure." Then the office is not de facto full against the one lawfully appointed and unlawfully removed, for "in contemplation of law, his title to the office de jure draws to it the possession de facto." State ex rel. Leeds v. Atlantic City, 52 N. J. Law, 332, 337, 19 Atl. 780, 782 (8 L.R.A. 697) ; People v. Scrugham, 20 Barb. (N.Y.) 302; State v. Hempstead, 83 Conn. 554, 78 Atl. 442, Ann. Cas. 1912A, 927; Metsker v. Neally, 41 Kan. 122, 21 Pac. 206, 13 Am. St. Rep. 269.

Applying these familiar principles of the law of mandamus to the undisputed facts before us, it appears that the United States has shown in its servant, the respondent, a prima facie title to the office, and has shown also

that the succeeding appointee is without color of title, and that, accordingly, our answer to the first question — whether the facts warrant the extraordinary remedy of mandamus — must be in the affirmative.

■ ■ In thus finding in the United States a right to a writ of mandamus on the facts shown — the main question in the case as we regard it — we wish to make it clear that the scope of our decision is no broader than the facts on which it is based. People v. Gilmer, 10 Ill. (5 Gilman) 242. It is conclusive only of the Government's right to ask us to compel its servant, under his prima facie title, to return to his jurisdiction and to perform the duties of his office. It is not conclusive of subsequent proceedings, if any be had, on different facts to test the title to the office. State v. Oates, 86 Wis. 634, 57 N.W. 296, 39 Am. St. Rep. 912. Nor does it determine any question of the tenure of the respondent's office, the power thereafter to remove him and to appoint another or where such power, if any, resides.

■ Answer to the second question — whether this court has jurisdiction in any event to issue such process — is made by section 262 of the Judicial Code (28 U.S.C. § 1651), which says:

"The Supreme Court, the circuit courts of appeals, and the district courts shall have power to issue all writs not specifically provided for by statute, . . ."

This provision has been construed to include the writ of mandamus. Barber Asphalt Co. v. Morris, infra; Minnesota, etc., Co. v. Dowagiac Mfg. Co., infra.

Answer to the third question — when and to what end may this court exercise its power to issue such writ — is likewise made by the same section of the Judicial Code when conferring upon circuit courts of appeals "power to issue all writs not specifically provided for by statute" by prescribing — "which may be necessary for the exer-

cise of their respective jurisdictions, and agreeable to the usages and principles of law."

We are aware of no supervisory jurisdiction over district courts conferred upon circuit courts of appeals, except in one or two specifically named matters, as in bankruptcy. Our jurisdiction over district courts is therefore almost exclusively appellate. If this court has power to issue the writ of mandamus, it is only in aid of its appellate jurisdiction. That such power can be so exercised has been decided. Barber Asphalt Co. v. Morris, 132 Fed. 945, 66 C.C.A. 55, 67 L.R.A. 761; Minnesota, etc., Co. v. Dowagiac Mfg. Co., 126 Fed. 746, 61 C.C.A. 352; Dowagiac Mfg. Co. v. McSherry Mfg. Co., 155 Fed. 524, 84 C.C.A. 38, certiorari denied 195 U.S. 630, S. Ct. 788, 49 L. Ed. 352; Ex parte Chicago Title & Trust Co., 146 Fed. 742, 77 C.C.A. 408. See Life & Fire Insurance Co. v. Wilson, 8 Pet. 291, 8 L. Ed. 949; Life & Fire Insurance Co. v. Adams, 9 Pet. 571, 9 L.Ed. 233; McIntire v. Wood, 7 Cranch, 504, 3 L. Ed. 420.

There remains, therefore, only one question — whether the instant case is such as to invoke the remedy of mandamus in aid of this court's appellate jurisdiction.

The appellate jurisdiction of this court does not arise from prior invocation alone; it is continuously existent. Matters which disturb that jurisdiction, either before or after it is invoked, are, therefore, cognizable here. If the absence of a lawfully appointed judge of a district court, from which appeals lie to this court, thereby affects the right of litigants to take appeals and the right of this court to entertain them, confessedly this court has power to restore the orderly proceedings of the trial court by commanding the absent judge to return and transact its business. So also, when the district court is occupied by a stranger exercising the functions of judge without color of title, questions of the validity of judgments he enters

and of appeals taken may conceivably arise; yet they would arise in a way which would leave this court helpless to correct the fundamental trouble; for, unquestionably, the right of the incumbent — even if claimed under color of title to the office — to enter valid judgments could not be collaterally attacked and tried out on appeal, Hagner v. Heyberger, 7 Watts & S. (Pa.) 104, 105, 42 Am. Dec. 220, and the right of the public to a properly constituted trial court from which appeals can validly lie could not be asserted or brought about in proceedings on appeal or by writ of error.

It may be that valid appeals would lie from and valid writs of error could be directed to a de facto judge with color of title to the office; but as we are deciding this case on the theory of law that the respondent's title to the office de jure draws to it the possession de facto, there is nothing left in the district court (saving the effect of a possible ad interim appointment) on which the appellate jurisdiction of this court can validly operate. Therefore, it becomes essential to the appellate jurisdiction of this court that orderly proceedings in the District Court of the Virgin Islands be restored and to that end we shall enter an order, in the form prayed by the United States, that —

"a writ of peremptory mandamus issue, directed to Lucius J. M. Malmin, Judge of the District Court of the United States, commanding him to proceed forthwith to the Municipality of St. Croix, and there enter upon, undertake and perform the duties appertaining to the office of Judge of the District Court of the Virgin Islands aforesaid, so long as he shall continue hereafter lawfully to hold the office of Judge of the District Court aforesaid."

BUFFINGTON, *Circuit Judge* (dissenting)

In my judgment this court is without jurisdiction to grant and without power to enforce a writ of mandamus if it did issue. It has therefore seemed my duty to

place of record, before such steps were taken, this my dissent.

The sole jurisdiction of this court with reference to the Virgin or Danish Islands is statutory; the Act of Congress of March 3, 1917 (ch. 171, § 2 (part), 39 Stat. 1132; 48 U.S.C., 1946 Ed., § 1392 (part)), providing that —

"In all cases arising in the said West Indian Islands and now reviewable by the courts of Denmark, writs of error and appeals shall be taken to the Circuit Court of Appeals for the Third Circuit."

The present petition being neither a writ of error nor an appeal and the case one not reviewable by the laws of Denmark, but being a proceeding begun in this court, it follows that no express statutory jurisdiction exists and that if implied authority be found for this court assuming such original jurisdiction, it must rest on the principle of law that an appellate court may use mandamus power where such writ is necessary to conserve its appellate jurisdiction. Accordingly it has been held that where an inferior court had before it a case. which in due course was reviewable by an appellate court, and such inferior court or a judge thereof, did or failed to do some act or thing which would prevent the appellate court from exercising its appellate jurisdiction, the latter court would as an incident to such jurisdiction and in protection of that appellate power, issue a writ of mandamus and compel such inferior court or a judge thereof, to do the particular thing necessary to make the appellate jurisdiction effective. Barber Asphalt Co. v. Morris, 132 Fed. 945, 66 C.C.A. 55, 67 L.R.A. 761; Ex parte Chicago Title & Trust Co., 146 Fed. 742, 77 C.C.A. 408; In re Mudsill Mining Co., 65 Fed. 647, 13 C.C.A. 77, where it is said:

"In so far as the writ of mandamus is necessary for the exercise of the jurisdiction of this court, as conferred by law, we have no doubt of our power to issue it."

These cases instance the use of this implied power of mandamus to preserve and make effective a statutory appellate jurisdiction.

Now, as this implied power of mandamus, exercised to effectuate appellate jurisdiction, is the only ground on which this present proceeding can rest, we turn to the record to ascertain whether this petition is in fact one whose substance and purpose is to use the writ of mandamus to vindicate and conserve the appellate jurisdiction of this court, or whether under form of vindicating this court's appellate jurisdiction the petition's real substance and purpose is to use the form of the writ to effectuate some other purpose. In entering on that inquiry, it is helpful to note four general principles affecting mandamus and which seem settled by authorities commanding respect:

First. The writ of mandamus will not be used as a substitute for quo warranto to test a right to an office. Rex V. Oxford, cited later; Gregory v. Blanchard, 98 Cal. 311, 33 Pac. 199, wherein it is said:

"The nature of the writ, and the end for which it was framed, trying title to property, whether the property be the right to land, or to an office, or to a franchise."

Legg v. Annapolis, 42 Md. 203, where it is said:

"The nature of the writ, and the end for which it was framed, direct upon what occasions it should be used. It was introduced to prevent disorder from a failure of justice, and defect of police. Its use is therefore confined to those occasions where the law has established no specific remedy, and where in justice and good government there ought to be one. 6 Bac. Abr. tit. Mand. 418."

Rex v. Williams, 1 Burr. 402:

"It is a common-law writ for restoring persons to corporate offices of which they are unjustly deprived, the title to the office having been previously determined in quo warranto."

Second. Consent of parties before the court cannot confer jurisdiction to mandamus where no jurisdiction exists.

Rogers v. Jenkins, 98 N.C. 129, 3 S.E. 821; 17 Encyc. of Law, 505, 506, and cases cited.

Third. Mandamus is not a writ of right, but its issue is a question of discretion. Ex parte American Steel Barrel Co., 230 U.S. 46, 33 S. Ct. 1007, 57 L. Ed. 1379, where it is said:

"Aside from what has been said, the writ of mandamus would fully justify this court in the exercise of a wise discretion in denying relief."

People v. Ketchum, 72 Ill. 215, where it is said:

"It must be remembered that the writ of mandamus is not a writ of right, demandable by the state acting through their law officer, but its issue is discretionary with the court, acting upon existing facts, and viewing the whole case with due regard to the consequences of its action."

13 Encyc. 498, where is it said, quoting authorities:

"The issuance of a writ of mandamus is within the discretion of the court to which application is made, and is not always a matter of right."

Fourth. Where the law provides another and adequate remedy to meet a situation, mandamus will not be used to relieve. State ex rel. Leeds v. Atlantic City, supra, where it is further said:

"Mandamus only lies, as a general rule, where there is no other adequate remedy; nor can it be availed of as a writ of error."

See, also, In re Iron County, 71 Fed. 768, 18 C.C.A. 314, 37 U.S. App. 622; In re Mudsill Min. Co., 65 Fed. 647, 13 C.C.A. 77, 31 U.S. App. 112; Ex parte Newman, 81 U.S. 168, 20 L. Ed. 877; and Rex. v. Oxford, 1 N. & P. 474, where it is said:

"In Rex v. Colchester, 2 T. R. 249, the doctrine is laid down that, if the party has another remedy by quo warranto, a mandamus will not be issued."

Bearing in mind these general principles, we start with the fact disclosed by the petition that this proceeding in no way affects, conserves, or concerns the present or future

appellate jurisdiction of this court over any case now pending in the District Court of the Virgin Islands. No litigant in any case in the inferior court is a party to this proceeding, nor is there any showing that the appellate jurisdiction of this court to review his case by writ of error is being taken away or denied any litigant or that his cause is delayed on its way to review by this court. On the contrary, the petition itself shows that the work of that court is proceeding. In that regard, the petition states that subsequent to November 20, 1920, the Governor of the Danish Islands, who had been appointed by the President and confirmed by the Senate — "appointed one Frederick G. McKean as a judge of the District Court of the Virgin Islands and your petitioner is advised that the said Frederick G. McKean entered into the performance of the duties of a judge of the District Court of the municipality of St. Croix, March 3, 1921, and is now continuing to act as such judge."

It will therefore appear that, whatever be the claim or title of the respondent in the present case to the office of judge which the Governor's appointee, McKean, is now filling, and whatever the right or the lack of right of the latter may prove on a judicial inquiry into that questions, it is apparent that the appellate jurisdiction of this court is not being denied, postponed, or interfered with by any act of his, and that the District Court of the Danish Islands is hearing and deciding causes, and, for aught that appears in the petition, any suitor in any case in that court may review in this court any ruling of such court, including the right of the sitting judge to act. Berger v. United States, 255 U.S. 22, 41 S. Ct. 230, 65 L. Ed. 481; Ex parte American Steel Barrel Co., 230 U.S. 45, 33 S. Ct. 1007, 57 L. Ed. 1379; Matter of Christensen Engineering Co., 194 U.S. 458, 24 S. Ct. 729, 48 L. Ed. 1072; Henry v. Speer, 201 Fed. 869, 120 C.C.A. 207; Ex

parte Glasgow (D.C.) 195 Fed. 780; Glasgow v. Moyer, 225 U.S. 420, 32 S. Ct. 753, 56 L. Ed. 1147.

Moreover, the writ of mandamus cannot be used to perform the office of a writ of error. Ex parte B. & O. R.R., 108 U.S. 566, 2 S. Ct. 876, 27 L. Ed. 812, and cases cited. It is, however, suggested that on the face of the petition the respondent in this petition is the lawful and only judge of such inferior court, and that his absence from the court is in some way taking away the right of suitors to appeal to this court because procedure in their causes is not being had by the lawful judge and is thereby being frustrated by the action of one who is displacing the lawful judge.

Assuming, if such were the ascertained facts of this case, that the contention made might be sustained, we have by the showing of the petition the actual fact of the inferior court proceeding in its work and presiding therein a judge, who is a de facto judge at least, and whose appointment was made by a Governor appointed by the President and confirmed by the Senate, by virtue of an Act of Congress (ch. 171, § 1, 39 Stat. 1132; prec. 1 V.I.C.; 48 U.S.C. § 1391) which provides:

"That, except as hereafter provided, all military, civil and judicial powers necessary to govern the West Indian Islands acquired from Denmark, shall be vested in a Governor and in such person or persons as the President may appoint, and shall be exercised in such manner as the President shall direct until Congress shall provide for the government of such Islands: Provided that the President may assign an officer of the army and navy to serve as such Governor and perform the duties appertaining to said office; and provided further, that the Governor of said Islands shall be appointed by and with the advice of the Senate."

We have therefore before us not the case of a mere interloper or of one whose title is merely colorable and clearly void, but of a de facto officer, appointed by the executive head of the Islands and claiming to act under

statute authority and whose title is at least based on such semblance of authority as to challenge examination and hearing and not be held void on its face. And because under such circumstances mandamus has been held not the appropriate remedy in a court of original jurisdiction (Rex v. Oxford, supra; Rex v. Colchester, 2 T.R. 259); it would seem it is even less so in an appellate court, whose appellate jurisdiction is not shown by the judge of the inferior court, but who, as set forth in the petition, is "now continuing to act as such judge." Certain it is that no such de facto judge should have his tenure passed upon by implication, and it has been held (People v. Saratoga, 54 Hun. [N.Y.] 16, 7 N.Y. Supp. 125) that he should have notice.

Indeed, the facts disclosed in this case make it one in which the opinion of Justice Coleridge in Rex v. Oxford, 1 Nevile & Perry's Reports, 474, is in point when he says:

"I think in this case, when we look at the facts agreed on by both parties, this remedy of a mandamus is wholly or in part unnecessary. If it is to be taken that the whole proceedings relative to Mr. Dry are a nullity, that his election was merely colorable and void, then undoubtedly, according to Rex v. Colchester, a mandamus is the proper remedy. I am not, however, prepared to say that all that has been done is merely colorable. If it be conceded that the mayor has done so little that Mr. Towle remains councillor, then a mandamus is an improper remedy. If, on the other hand, that which has been done is not merely colorable and void, but has put Mr. Dry in office, then an information in the nature of a quo warranto is the proper remedy."

And as said by the Supreme Court of the United States in Bayard v. White, 127 U.S. 250, 8 S. Ct. 1223, 1225, 32 L. Ed. 116:

"The writ of mandamus is a remedy to compel the performance of a duty required by law, where the party seeking relief has no other legal remedy and the duty sought to be enforced is clear and *indisputable*. Knox County v. Aspinwall, 24 Howard 377, 383 [16 L. Ed. 735]. *Both requisites must concur in every case.*"

Moreover, as we have seen, the high prerogative writ of mandamus is not a writ of absolute right, but one whose grant or refusal depends on the exercise of wise discretion; it will not be granted where other ways of meeting the situation exist. And this case is particularly one where a wise discretion suggests the refusal of the writ and a resort to other branches of the government to settle the controversy here involved. If a situation of disputed authority exists in this territorial possession, the executive department of the government, to which the statute has committed "all military, civil and judicial powers necessary to govern the Islands acquired from Denmark," can for the time being exercise such power as, in its judgment, the situation calls for, subject, of course, to this court, in the due exercise of its appellate jurisdiction on writ of error or appeal, deciding whether the judge deciding any appealing litigant's case had lawful authority to act.

That question we ought not to forejudge or foreclose in this ex parte and consent proceeding. An examination of this petition shows that, while it is in the name of the United States and was filed, as stated at the argument, with the concurrence and at the direction of the Attorney General, the fact remains that this petition as filed relies on no other right or interest of the petitioner than that arising from the office of United States district attorney for the Eastern district of Pennsylvania, which office has no connection with the inferior or appellate court here concerned. So, also, the respondent represents himself alone and the office of which he says he is the sole and lawful incumbent. It is true that he and the district attorney agree in asking that a mandamus issue; but, as we have seen consent cannot create mandamus jurisdiction, and this consent decree would include no one but the consent parties. Moreover, it is a fundamental principle in the law of mandamus that it is never granted where, if

issued, it would be unavailing (State v. Archibald, 43 Minn. 328, 45 N.W. 606), or where compliance with it would be nugatory in its effects or fruitless in results to the relator (Williams v. Lincoln County Com'rs, 35 Me. 345).

By virtue of its federal status, this court, in a case where it has mandamus jurisdiction and it issues the high prerogative writ of mandamus, has the right to call to its aid the entire power of the federal government to enforce its decree; but in the present case whether the issued writ shall enforce the mandamused command of this court, or be a mere paper pronouncement on an academic question, depends, not upon the will, purpose, and power of the court which issues the command, but on the action of other branches of the government to which Congress has committed "all military, civil and judicial powers necessary to govern the Islands acquired from Denmark."

Indeed, we can well see that, if we were to mandamus the respondent and, under penalty of attachment, for contempt, direct him to hold court in the Virgin Islands, and the mandamus means nothing, unless this be its command and the specific act ordered, and he were to proceed to the Virgin Islands, and the executive department should, when he arrived there, order him not to interfere with their appointee, then that situation would arise analogous to that in Ohio v. Wyandot County, 7 Ohio St. 278, where, in refusing to mandamus, that court said:

"If the peremptory writ of mandamus were to issue, and the defendants failed to obey it, they would be liable to process for contempt; while, on the other hand, if they obeyed it, they would be equally in contempt for disobedience to the decree of injunction."

Such an intolerable situation would not be an admission of the impotence of this court to assert its jurisdiction, but its impotence to assert jurisdiction would be proof of its lack of jurisdiction.

In my judgment, this court should decline to issue a mandamus and dismiss the petition without prejudice.

PER CURIAM

On the 27th day of April, 1921, a peremptory writ of mandamus issued out of this court addressed to the person and embodying the mandate appearing in the foregoing opinion. The writ was formal and final in all respects. It was signed by the Court's officers and bore the Court's seal. It was the last act of the Court in a proceeding of this character.

Under date of May 9, 1921, the Government of the Virgin Islands of the United States prepared and later filed with this court a petition for rehearing, challenging the authority of the Attorney General of the United States to institute these proceedings and alleging mistakes of fact and errors of law therein.

While the petition for rehearing was pending, namely, on May 18, 1921, Sumner E. W. Kittelle, an officer of the United States Navy, recently appointed Governor of the Virgin Islands, being of opinion that this court was wrong on the facts and the law of the case, and conceiving that "all . . . judicial powers . . . necessary to govern the West Indian Islands" were vested in him by the Act of Congress of March 3, 1917 (ch. 171, § 1, 39 Stat. 1132; prec. 1 V.I.C.; 48 U.S.C. § 1391), but forgetting that under an express exception in the same statute appellate jurisdiction over the courts of those Islands was conferred upon this court, issued to the people of the Virgin Islands a proclamation, executive in name and judicial in form, under his hand and the seal of the "Department of the Navy, The Virgin Islands," citing the writ of mandamus issued by this court, quoting from the Court's opinion, and concluding in the following words:

"I, Summer E. W. Kittelle, governor of the Virgin Islands of the United States of America, do hereby warn and adjure all

persons, and particularly the said Lucius J. M. Malmin (the person named in the peremptory writ of mandamus), to refrain and desist from in any wise interfering with or molesting the administration of the courts of justice, or any department thereof, of the said Virgin Islands of the United States of America, as actually administered on this eighteenth day of May, 1921, and they are hereby enjoined and prohibited from so doing.

"And it is hereby further proclaimed that any one disregarding this order will do so at his peril, that is to say, that he will be prosecuted in accordance with the law in such cases made and provided."

While we do not overlook in this act of the Governor of the Virgin Islands what appears to be an open defiance of the orderly process of this court, issued within jurisdiction exclusively its own, we shall, in the habit of courts of law, restrain an expression of our views and confine our action, for the present, to the matter in hand, namely, the petition for rehearing.

Having regard to the character of the mandamus proceedings in which this court issued its peremptory writ of mandamus, both in respect to its subject-matter and to the official to whom it was addressed, we are of opinion that the Government of the Virgin Islands was not a necessary party thereto, and, accordingly, is not now in position to ask or be granted leave to open the decree and reargue the case. The petition of the Government of the Virgin Islands is therefore denied.

On May 19, 1921 — the day following the Governor's proclamation to the people of the Virgin Islands — the United States, acting through the United States Attorney for the Eastern District of Pennsylvania, also filed a petition for rehearing. In this petition complaint is made that the proceedings were instituted by the Attorney General of the United States without consultation with the Navy Department and the request is made that the decree be opened and the writ be temporarily vacated

to the end that Rear Admiral J. W. Oman, until recently Governor of the Virgin Islands and now relieved, be afforded an opportunity "to present . . . his side of the case and to justify in law his action in removing Judge Lucius J. M. Malmin." As we are of opinion that the retired Governor of the Virgin Islands has no interest in these proceedings, official or personal, we are constrained to deny the petition for rehearing filed by the United States.