**UNITED STATES ex rel. William Brandon CUMMINGS,**

v.

**Jean K. FITZSIMON, United States Bankruptcy Judge**

**William Brandon Cummings,**
**Appellant.**

**No. 09–1664.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 June 25, 2009.

Opinion filed: July 21, 2009.

William Brandon Cummings, Somerset SCI, Somerset, PA, pro se.

Annetta Foster Givhan, Esq., Virginia A. Gibson, Esq., Office of United States Attorney, Philadelphia, PA, for United States Bankruptcy Judge.

Before: BARRY, AMBRO and SMITH, Circuit Judges.

## OPINION

PER CURIAM.

Appellant William Brandon Cummings, a Pennsylvania state prisoner, filed a claim for quo warranto, purportedly on behalf of the United States, against United States Bankruptcy Judge Jean K. FitzSimon in the United States District Court for the Eastern District of Pennsylvania, seeking to compel the judge to protect and defend the United States Constitution. Cummings alleged that Judge FitzSimon had accepted currency not backed by gold or silver as required by the Constitution. He also claimed that the judge had conspired with others to deprive him of property in a proceeding before her, *In re: George Michael Green,* Bankr.Ct. Misc. No. 08–3005, a bankruptcy case where Cummings's name appears on the docket. Cummings also filed a petition for writ of habeas corpus, naming the bankruptcy judge as the respondent and seeking release from prison. Cummings alleged, among other things, that the District Attorney of Delaware County failed to sign the criminal complaint against him.

The Acting United States Attorney, in response, filed a Statement .of Interest pursuant to 28 U.S.C. § 517 on behalf of a federal bankruptcy judge, asking the District Court to sua sponte dismiss the action on the ground that it failed to state any valid claim for relief.[1] A claim for quo warranto, habeas or mandamus relief will not lie against a federal judge under the circumstances alleged by Cummings. The Government represented that Cummings is an inmate incarcerated in state prison for second degree murder, robbery, and illegal possession of firearms, having been convicted in October of 2006 following a jury trial. In an order entered on January 22, 2009, the District Court dismissed both petitions for the reasons given by the Government in its Statement of Interest.

Cummings appeals. Our Clerk granted him leave to appeal *in forma pauperis* and advised him that his appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B), or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so.

---

1. Section 517 provides:

   The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States.

   28 U.S.C. § 517. Quo warranto is traditionally brought by the sovereign or a representative of the sovereign. *See Country Club Estates L.L.C. v. Town of Loma Linda,* 213 F.3d 1001, 1003 (8th Cir.2000).

We will dismiss the appeal as frivolous. We have jurisdiction under 28 U.S.C. § 1291. An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the *in forma pauperis* statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

"Quo warranto" is the appropriate process for testing title to public office. *See United States v. Malmin*, 272 F. 785, 790 (3d Cir.1921). However, pursuant to a joint resolution of Congress during the Great Depression, Congress suspended the "gold standard." *See Norman v. Baltimore & Ohio Railroad Co.*, 294 U.S. 240, 303–07, 55 S.Ct. 407, 79 L.Ed. 885 (1935). *See also United States v. Ware*, 608 F.2d 400, 403 (10th Cir.1979). Cummings's "constitutional" argument that a federal bankruptcy judge's actions are invalid because the federal reserve system is based on something other than the gold standard is thus legally frivolous. The judge does not violate the federal constitution by handling a bankruptcy case involving money not backed by gold or silver. The claim for quo warranto properly was dismissed with prejudice. The petition for writ of habeas corpus properly was dismissed without prejudice, because Judge FitzSimon is not the proper respondent. In habeas corpus challenges to present physical confinement, the rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004). Judge FitzSimon is not the warden of the state correctional facility where Cummings is incarcerated.

For the foregoing reasons, we will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).