**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2464
_____

JEFFREY D. HILL,

Appellant

v.

DOUG MASTRIANO

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-22-cv-00556)
District Judge: Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
On November 4, 2022

Before: AMBRO, GREENAWAY, JR. and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: November 4, 2022 )
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Jeffrey Hill appeals from an order of the District Court dismissing his civil action. For the following reasons, we will affirm.

Hill filed this action seeking a writ quo warranto and a writ of mandamus to have Doug Mastriano, a Pennsylvania state senator and gubernatorial candidate, disqualified from the ballot. Hill's allegations are outlined in the Magistrate Judge's Report and Recommendation (R&R) and need not be recited here. In sum, Hill alleged that Mastriano is disqualified to be a candidate for Governor based, in part, on his alleged participation in the events that transpired at the U.S. Capitol on January 6, 2021. Calvin Clements filed a motion to intervene, with a proposed counterclaim complaint, which contained similar allegations against Mastriano. Hill objected to the intervention.

In his R&R, the Magistrate Judge noted that a 2011 filing injunction against Hill required him to receive certification from a Magistrate Judge before filing a civil action. The Magistrate Judge explained that, to the extent that the injunction was enforceable, he would decline to certify the complaint because Hill lacks standing to bring a federal quo warranto claim and the District Court lacks the authority to grant the requested mandamus relief. In the alternative, the Magistrate Judge recommended that Hill's motion to proceed in forma pauperis be granted, that the complaint be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted, and that the motion to intervene be denied.[1] The District Court adopted the R&R, granted

---

[1] Clements filed objections to the R&R, and separately appealed. See C.A. No. 22-2420. That appeal was dismissed for failure to prosecute.

leave to proceed in forma pauperis, dismissed the action with prejudice, and denied the motion to intervene. Hill filed a timely appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm the District Court's decision on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Hill first argues on appeal that the District Court failed to address his claim under Section 3 of the Fourteenth Amendment, the "Disqualification Clause," which in part provides that no person who has previously taken an oath as a member of any State legislature shall hold a State office if he has engaged in insurrection or rebellion against the State. U.S. Const., Amend. 14, § 3. To the extent that Hill sought declaratory relief based on this provision of the Fourteenth Amendment, the claim was subject to dismissal because Hill lacks Article III standing to pursue it. In particular, he failed to allege an "injury in fact." See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). That is, Hill failed to identify a "particularized" injury – one affecting him as opposed to the general public – which is traceable to the defendant's candidacy for Governor. See id.; see also Stencil v. Johnson, No. 22-C-0305, --- F. Supp. 3d ---, 2022 WL 1956999, *3 (E.D. Wisc. June 3, 2022) (determining that plaintiffs lacked standing "because the challenged conduct of the defendants – seeking reelection to public office – does not invade any legally protected interest of the plaintiffs").

3

The District Court lacked jurisdiction to consider Hill's writ of quo warranto, which is the appropriate process for testing title to public office. See United States v. Malmin, 272 F. 785, 790 (3d Cir. 1921); see also Commonwealth ex rel. Jud. Conduct Bd. v. Griffin, 918 A.2d 87, 93 (Pa. 2007) ("Quo warranto is a challenge to the title or right to public office."). But federal courts have no general quo warranto jurisdiction. See U.S. ex rel. State of Wis. v. First Fed. Savs. and Loan Ass'n, 248 F.2d 804, 809 (7th Cir. 1957) (holding that "except as otherwise specifically provided by statute, there is no original jurisdiction in the federal district court to entertain an information in the nature of quo warranto"); Barany v. Buller, 670 F.2d 726, 735 (7th Cir. 1982). Federal statute provides for the removal of *federal* officials by way of quo warranto brought in the District Court for the District of Columbia, see D.C. Code § 16-3503. See Drake v. Obama, 664 F.3d 774, 784-85 (9th Cir. 2011). And, under that statute, and traditionally, quo warranto is brought only by the sovereign or a representative of the sovereign. See Drake, 664 F.3d at 785; Country Club Estates L.L.C. v. Town of Loma Linda, 213 F.3d 1001, 1003 (8th Cir. 2000); Griffin, 918 A.2d at 93 (stating that "standing to pursue quo warranto is generally within a public entity such as, the Attorney General, or the local district attorney"). Here, Hill, as an individual citizen, seeks to challenge a *state* official's ability to hold *state* office.[2] Absent diversity or federal question jurisdiction, not present here, the District Court lacked authority to consider any state quo warranto action.

---

[2] Given our disposition, we need not opine on the propriety of Hill's use of a writ of quo

4

Without an independent basis for subject matter jurisdiction, the District Court could not issue mandamus relief. United States v. Christian, 660 F.2d 892, 894 (3d Cir. 1981); U.S. ex rel. State of Wis., 248 F.2d at 809 (noting that "mandamus may not issue in the district court unless it is necessary for the exercise of independently conferred jurisdiction"). And, in any event, the District Court lacked mandamus authority to compel a state agency or official to remove Mastriano from the ballot. See In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that a district court lacked jurisdiction "to issue a writ of mandamus compelling action by a state official").

Based on the foregoing, the District Court properly dismissed the action with prejudice. Accordingly, we will affirm the District Court's judgment.

---

warranto to *prevent* an official from assuming title to office.